HENRY O. PARKER *v.* WILLIAM H. SCOTT.

In a contest between a trustee, under a deed made by the *holder* of a note, and a creditor, by attachment and garnishment of the *maker*, the lien of the former begins from the time at which the deed is delivered to the Register, and that of the latter from the time when the summons is *personally* served upon the maker; *Therefore,*

Where the deed was delivered to the Register at 10 o'clock, A. M., Dec. 20th 1866, and actually registered January 28th 1867; and the summons for the garnishee was left at his residence at 8 o'clock, A. M., Dec. 20th 1866, but not actually received by him until the evening of that day, *Held,* that the lien under the deed had priority.

(*McKimmon* v. *McLean* 2 D. & B. 79, and *Mills* v. *Bright* 4 Ib. 173, cited and approved.)

ATTACHMENT, tried by *Watts, J.,* at December Special Term 1869, of WAKE Court.

It appeared that a summons to one Moses A. Bledsoe as garnishee in the action, was left at his abode at 8 o'clock, A. M., Dec. 20th 1866, by the Sheriff, who thereupon returned that he had served it upon Bledsoe by leaving it, &c.; that Bledsoe appeared at Court as summoned, and filed an answer; that on the 15th of November 1866, Bledsoe had executed to the defendant four notes, for $250 each, payable at one, two, three and four years; that the defendant, on the

1st day of Dec. 1866 executed to one Young, as trustee, a deed, conveying to him said notes, to secure certain debts, and, at the same time, he endorsed them to said Young, for the same purposes; that the deed was proved, and filed for registration with the Register of Wake county December 20th 1866, at 10 o'clock, A. M., and was registered January 28th 1867; and that Bledsoe, being absent from home when the summons was left there, did not actually receive it until he returned, at night.

Thereupon his Honor gave judgment against the garnishee, and the defendant appealed.

*Bragg,* for the appellant.

1. The deed in trust was in law registered when *filed* for registration, *McKimmon* v. *McLean* 2 D. & B. 79, *Mills* v. *Bright* 4 Id. 173.

2. That a garnishment shall be a lien (under the doctrine of *Tindall* v. *Wall,* Bus. 3) the service must be *personal.*

3. The transfer of the notes by endorsement and delivery, is sufficient, without registration of the deed *Patton* v. *Smith,* 7 Ire. 438, *Gillis* v. *McKoy* 4 Dev. 172, *Doak* v. *Bank of the State,* 6 Ire. 309: See other cases of *Pledge,* 2 Bat. Dig.

*Rogers & Batchelor, and Fowle & Badger, contra.*

1. A conveyance of a chose in action in trust to pay debts, is within the registry laws: *Smith* v. *Washington,* 1 Dev. Eq. 318.

2. The rule, that the time of filing a deed for registration, is to be considered as the time of its registration, applies, on principle, only where the subsequent steps of registration follow as soon after such filing as reasonably may be: See *Moore* v. *Collins* 4 Dev. 402.

3. Notice left at the usual place of residence is valid service: *Kennedy* v. *Fairman* 1 Hay. 465.

DICK, J. The notes executed by Bledsoe, which are the subject of this controversy, were assigned, by a deed in trust, to Young, on the 1st of December 1866, and were also duly endorsed to him, by the payee, Scott, to secure certain debts mentioned in said trust. It is admitted that said endorsements were made to effect the purposes of the trust. This constituted a sufficient consideration to support the contract of endorsement, and vested the legal title of said notes in the trustee. The deed in trust was delivered to the Register for registration, at 10 o'clock, A. M. on the 20th day of December 1866, and was actually registered on the 28th day of January 1867, as appears from the certificate of the Register. In contemplation of law, the deed in trust was duly registered from the time of its delivery to the Register and from that time was good against creditors : *McKimmon v. McLean* 2 D. & B. 79, *Mills v. Bright* 4 *id* 173.

It is insisted by the plaintiff, that his attachment was properly served on the debtor, Bledsoe, before the registration of such trust, as a summons for him as garnishee was left at his residence by the Sheriff at 8 o'clock, A. M., on said 20th day of December. The summons was not actually received by Bledsoe until he returned home, in the evening of said day.

The question presented for our determination, is, whether this constructive service of process was sufficient, or was personal service necessary to give priority to the claims of the plaintiff. In many instances, usually prescribed by statute, the leaving a written notice at the residence of a person, is sufficient service to bind the party, &c.: *Rev. Code* ch. 31, sec. 121. But in most cases where process is used to call a person as a party into Court to determine a question of right in which such party is personally interested, the law requires actual service of such process on the defendants : 3 *Chit. Genl. Pr.* 144, *Cooley Const. Lim.* 403.

The statute in relation to garnishments (Rev. Code ch. 7, sec. 7) evidently contemplated personal service, as no

provision is made for a constructive service of the summons, and this statute has always been strictly construed. The attachment in this case is substantially an action at law by the defendant against the garnishee, and, as in common law actions, personal service is required. The plaintiff in this case can have no right against the garnishee, which the defendants would not have had in a common law action to recover the debt.

The service of the summons upon Bledsoe, was not effectual until he actually received it; and as that was after the registration of the trust, the rights of the trustee are not affected. The judgment in the Court below must be set aside, and the proceedings dismissed.

PER CURIAM.                    Judgment accordingly.