W. H. CUNNINGGIM and wife v. W. H. PETERSON et al.

*Registration of Deeds—Register Fees—Evidence.*

1. The endorsement required to be made by Registers of Deeds on mortgages and deeds in trust (*The Code,* § 3654) on the day on which such deeds are presented to him for registration, is not essential to registration; and when made is not conclusive evidence—but only *prima facie* evidence of the facts therein recited.

2. Where a deed was handed to the Register for registration, but he refused to register it because his fees were not paid, but the paper was left in his office for several months, when, the fees being paid, he made an endorsement that it was filed on the day first presented, followed by an explanatory endorsement reciting the facts: *Held,* (1) that the whole endorsement should be considered; (2) that the Register was not compelled to register before his fees were paid, and (3) the facts did not constitute a filing for registration on the day when the deed was first presented to the Register.

CIVIL ACTION, tried at February Term, 1891, of BEAUFORT Superior Court, *Bryan, J.*, presiding.

The following is so much of the case settled on appeal as need be reported:

Plaintiffs offered a deed from W. H. Cunninggim and wife to W. H. Peterson, dated July 12, 1891, and recorded in Register's office of Beaufort County. This deed was received by the Register at 10 A. M., on July 27th, 1889, and recorded July 29th, 1889, and conveys *locus in quo.* They then offered a mortgage from W. H. Peterson and wife to L. H. Cunninggim, dated July 27th, 1889, and recorded in the Register's office of Beaufort County. This mortgage was proved before B. F. Mayo, a Justice of the Peace for Beaufort county, on July 17, 1889, and the privy examination of Julia Peterson taken on July 27, 1889. The Clerk of the Superior Court of Beaufort County placed his certificate upon the mortgage and ordered its registration. Upon this mortgage, and upon the record, is the following endorsement: "Filed for registration at 12 o'clock M., July 27, 1889, subject to the annexed facts. Indorsed and registered in the office of the Register of Deeds for Beaufort County, in Book 73, page 227, January 11, 1890." Upon the said mortgage and record is the further endorsement: "This mortgage was brought into this office by G. Wilkens, Clerk of the Superior Court, July 27, 1889. No fees having been paid, the same was left in the office open to the inspection of the public until December 30, 1889, at 10 A M., when H. H. Broome paid fees; and the same was duly filed and recorded in Book 73, page 227, Register's office of Beaufort County. M. F. Williamson, Register." Mr. Williamson testified: "On July 26th, 1889, Mr. Bonner sent me two mortgages, of which this is one, and with them was a letter; I have searched for the letter and cannot find it." The plaintiffs objected to any testimony as to the contents of the letter, as it was a declaration of Bonner's and was not competent. Witness testified

that Bonner stated in the letter that he " wished me to distinctly understand that he was not responsible for the fees, and that I would have to look to Mr. Cunninggim for them. I then took the mortgages and carried them to the Clerk, and on July 27, 1889, the Clerk carried them back into my office and handed me this mortgage ; the Clerk said he would not be responsible for the fees; he threw it down on my desk ; I told him I would not receive it ; I took the paper and put it in a box where there were a number of others sent for registration without fees.   On December 30th, 1889, H. H. Broome paid the fees and I immediately filed the paper.   I made the endorsement on the mortgage December 30th, 1889.   I kept this mortgage in a separate box from the one in which I keep deeds filed for registration."

Upon cross-examination, witness testified :  " The Clerk collects my fees sometimes, and sometimes he does not.   I receive instruments sometimes without fees ; sometimes the Clerk collects and pays me, and at times I collect and pay the Clerk ; the box in which I put this mortgage is open to the public.   Mr. Jacobson came and I told him the mortgage was there; I do not recollect any other endorsement made by me upon any other instrument."

Mr. Wilkens, Clerk of the Superior Court of Beaufort County, testified : " The Register brought me several papers for probate, among them two mortgages of Mr. Cunninggim, of which this was one, and also a letter from Mr. Bonner, in which he stated that he, Bonner, would not pay the fees; the Register told me he would not receive the paper without the fees, and that I might keep them in my office.   When I probated the other papers I also probated these mortgages, and carried all to the Register for registration ; the Register objected to receiving the Cunninggim papers; I pointed out to him that his predecessor used to have a box in which he filed any papers upon which the fees had not been paid, and that he could put them in the box, and that Mr. Cunninggim

would probably write soon and send the fees, when he could file and register the papers. I then left him. I saw the paper afterward, and before it was recorded, on the day when Broome paid the fees; there was no endorsement on it by the Register. I do not know what day this was."

W. K. Jacobson testified: "Mrs. Chapin is my sister; the deed from Peterson to her was sent to me with a letter instructing me to have it registered; the next morning I took the deed over to the Register's office, and while there the subject of the mortgage was brought up; the Register stated that there was such a mortgage; I asked the Register what he was going to do, and whether he considered it filed; he said he did not consider it filed as he had no fees, and he would not register it without the fees. I did not see the mortgage; I never saw it until after the entry was made on it."

The first issue submitted to the jury was this: "Was the mortgage from W. H. Peterson to L. H. Cunninggim filed for registration on July 27th, 1889, or any day prior to December 28th, 1889?" The jury responded, "Yes."

The appellants requested the Court to instruct the jury: "If you believe the evidence (that above recited), or any part thereof, you will answer the first issue, No." The Court declined to give this instruction, or the substance thereof, and the defendants excepted.

*Mr. C. F. Warren,* for plaintiff.
*Messrs. W. B. Rodman* (by brief) and *J. H. Small, contra.*

MERRIMON, C. J.—after stating the case: We are of opinion that, in any just view of all the evidence produced on the trial, bearing upon and pertinent to the first issue submitted to the jury as to the time when the mortgage deed mentioned in the pleadings was delivered to the Register for registration, it went to prove, and only to prove, that this deed was

not so delivered to him as required by the statute (*The Code* § 3654), prior to the 30th day of December, 1889, and that the Court should so have instructed the jury, as it was requested by the appellants to do, but which it declined to do. The Register and other witnesses examined, who testified as to the pertinent facts, stated in substance that the Register expressly refused to receive the deed for registration until his fees were paid. It was insisted, on the argument here, that the entry on the deed, "Filed for registration at 12 o'clock, July 27th, 1889," made by the Register, was evidence to the contrary, and that it had technical meaning and effect, because the statute requires the Register to " endorse on each deed in trust and mortgage the day on which it is presented to him for registration."

But the statute does not make such endorsement essential to the validity of the registration. *Metts* v. *Bright*, 4 Dev. & Bat., 173. When made it is *prima facie* true, but it is not conclusive. In a proper case it would be competent to show that it was not true in fact—that by inadvertence, mistake or for some fraudulent purpose, it was not made truly and in accordance with the facts. Otherwise, such endorsement might, in some instances, work wrong and injury without remedy. The statute does not so intend, nor is there reason why it should.

Such endorsement. must also be taken and. treated as a whole, especially when it appears from its terms to be explanatory and to have, intentionally, a qualified meaning and purpose. In this case, the endorsement upon the mortgage was not simply " Filed for registration at 12 o'clock M., July 27th, 1889;" it went materially further, reciting and explaining that such statement was made "subject to the annexed facts, endorsed and registered in the office of Register of Deeds for Beaufort County, in Book 73, page 277, January 1st, 1890. This mortgage was brought in this office for registration by C. Wilkens, Clerk Superior Court, July 27th,

1889. No fees having been paid, the same was left in the office open to the inspection of the public, until December 30th, 1889, at 10 A. M., H. H. Broome paid fees, and the same was duly filed and recorded in Book 73, page 227. Register's office, Beaufort County, January 1st, 1890. (Signed) M. F. Williamson, Register." This endorsement plainly implies that the mortgage was "filed," in the sense of presented for registration, on the 27th of July, 1889, but the Register refused to accept it as delivered to him, because his fees had not been paid. Hence, it is stated that it "was duly filed and recorded" on the 30th of December, 1889.

The Register intentionally refused, as he had the right to do (*The Code*, § 3758), to treat the mortgage as delivered to him for registration until his fees in that respect had been paid. His fees were paid on the last mentioned day, and he then recognized and treated the mortgage as "delivered to him for registration." It was then "delivered" in the sense of the statute. There is no evidence in the endorsement, nor of any witness examined, that tends to prove that it was so "delivered" on the 27th of July, 1889, or at any time prior to the 30th of December, 1889. The endorsement is not materially inconsistent with the evidence of the Register and others—the latter only recites the facts more fully and in detail. The mere fact that the mortgage was left in the office of the Register, and with his knowledge, did not imply, necessarily, that it was delivered to him. It must have been delivered to him in such way, and with such accompaniments, as made it his duty to receive it for registration.

The appellants are entitled to a new trial, the judgment must be reversed, and the case disposed of according to law.

Error.