### Izell Colter v. The State.

#### No. 1761. Decided June 21, 1899.

**1. Indictment—Correction, Where Defendant Suggests a Different Name—Variance.**

Where a defendant, under provisions of article 540, Code of Criminal Procedure, suggests that he bears a name different from that stated in the indictment, it is proper to have the name corrected in accordance with defendant's suggestion wheresoever it occurs in the indictment. A contention that it could only be corrected in the formal parts, and that a correction in the charging part would constitute fatal variance, is an absurdity.

**2. Forgery—Defendant as Witness.**

A defendant, as a witness, may be asked, when charged with forgery, if there is not pending against him another forgery case in which he is charged with forging the name of the same party.

**3. Forgery—Evidence as to Innuendo Averments.**

On a trial for forgery, while it may be error to admit testimony of a witness, in proof of innuendo averments, as to his understanding of what was meant by the forged instrument, still such error may not be of sufficient importance to require a reversal. Dickson v. State, 34 Texas Crim. Rep., 1.

**4. Same.**

On a trial for forgery, evidence that it was the custom of the purported drawer of the forged order to authorize his tenants and employes to sign his name to orders, etc., is properly excluded where it is not shown that defendant was either a tenant or employe.

**5. Same.**

On a trial for forgery, it is not competent to ask the purported drawer if, at the time of the alleged forgery, he would not have indorsed paper for the defendant to the amount of the forged order.

**6. Argument of Counsel—Bill of Exceptions.**

Complaint as to the argument of the prosecuting attorney will not be considered, where no exception was reserved, and the court was not asked to withdraw the same from the jury.

Appeal from the District Court of Kaufman. Tried below before Hon. J. E. Dillard.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The alleged forged instrument was in the following terms, viz:

"Kaufman Texas June 4th 1898.

"Mr. Thompson

"dear sir

"if you please let the negro have some cind of a buggy he is alwrit if you will give him until foll he will pay you for it I will see that he will pay it myself you neanto be afraid of him if you will let him hove it let him hove a pair of horness if you have one any cheper then that $35 one let him have it.

[Signed] "A. J. HURLEY Stubbs Texas"

The indictment contained innuendo averments explanatory of its meaning. Defendant suggested his true name, and the indictment was corrected throughout in accordance with his suggestion. He then made a motion to quash the indictment, which was overruled.

*J. S. Woods,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of forgery; his punishment assessed at two years confinement in the penitentiary.

The indictment charged appellant with the offense under the name of "Isaiah Colter." He suggested that his name was "Izell Colter," and not "Isaiah Colter." In accordance with this suggestion, the indictment was amended so as to make the name "Isaiah Colter," wherever it occurred in the indictment, "Izell Colter;" thus substituting "Izell" for "Isaiah." Objection was reserved, and a special charge requested instructing the jury to acquit on account of a variance; that is, that the court had authority only to change the name "Isaiah" in the formal portion of the indictment, but not in the charging part, to correspond with appellant's suggestion as to his true name, and that, having changed the name in the formal portion, the name as originally found must remain "Isaiah" in the charging part, and thereby constitute a variance. If this is the correct rule, we would have this remarkable condition in the law: That, by suggesting a name other than the one by which he is indicted, a change would be required in the formal part of the indictment, and the authority withheld to change it in the charging part, and thus place it within the power of a defendant, by suggesting his true name, to constitute a variance in every such indictment. This would be a singular absurdity. The statute must be reasonably construed, and no construction should be placed upon an act of the Legislature that would lead to an absurdity. Article 549, Code of Criminal Procedure, provides: "If the defendant, or his counsel for him, suggest that he bears some name different from that stated in the indictment, the same shall be noted upon the minutes of the court, the indictment corrected by inserting therein the name of the defendant as suggested by himself, the style of the cause changed so as to give his true name, and the cause proceed as if the true name

had been first recited in the indictment." This statute is not attacked on constitutional grounds, and, so far as we are aware, has not been, and it has been upon our statute books since the creation of the Code of Criminal Procedure. If the Legislature had the authority to authorize defendant to suggest that his true name be inserted in the indictment, then the court in this instance acted properly in having the name corrected wherever it occurred in the indictment to correspond with the defendant's suggestion. The statute does not limit the place in the indictment where this correction shall be made, but refers to the name wherever it occurs.

While upon the witness stand appellant was asked if there was pending against him another case, in which he was charged with forging the name of Grant Hurley. Under the unbroken line of decisions in this State, this testimony was properly admitted. This testimony was properly limited by the court in his charge.

Mr. Thompson, while upon the stand, was handed the alleged forged order, and asked to state to the jury his understanding of what it meant. His reply was that it was an order by A. J. Hurley to Thompson Bros. for a buggy and harness. It was thought necessary by the pleader to include innuendo averments in the indictment, and we suppose this evidence was introduced to prove said averments. While this may have been error, yet, as presented, it is not of sufficient importance to require a reversal of the judgment. Dickson v. State, 34 Texas Crim. Rep., 1.

Defendant, on cross-examination, proposed to prove by A. J. Hurley that it was his custom, at the time of this forgery, to authorize tenants and employes on his farm to sign his name to orders and instruments, for goods and things, to keepers of stores in Kaufman, Texas, subject to his ratification. The witness was not permitted to answer this question, but would have answered in the affirmative. The court explains this bill by stating that the evidence showed appellant was not at the time of the forgery either a tenant or in the employ of A. J. Hurley, and therefore the testimony as to the course of dealing between Hurley and his tenants and employes was immaterial; hence excluded. This ruling of the court is clearly correct.

This witness was further asked if, at the time of the forgery, he would not have indorsed paper for defendant to the amount alleged in the forged order. The witness would also have answered this in the affirmative, but was not permitted to do so. This ruling of the court was also correct.

Appellant presented a bill of exceptions to the remarks of the county attorney in his closing argument to the jury. The court signed this bill, with the statement that there was no exception reserved to the remarks, nor was the court asked to withdraw same from the jury. The testimony is ample to sustain the verdict of the jury, and the judgment is affirmed.

*Affirmed.*