EDWARD EXNOAL JOHNSON, JR., V. STATE.

No. 24846.   October 4, 1950.

No attorney of record on appeal for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, Houston, and *George P. Blackburn, State's Attorney,* Austin, for the state.

DAVIDSON, Judge.

Rape is the offense; the punishment, death.

Only one question is presented for review, which is as follows:

Appellant was indicted under the name of George H. Young. Upon arraignment, he suggested that his true name was Edward Exnoal Johnson, Jr. Whereupon, the trial court had the same

noted upon the minutes of the court, and the indictment was corrected to so read—that is, a line was drawn through the name of George H. Young wherever it appeared in the indictment and the name of Edward Exnoal Johnson, Jr., was written into the indictment in place thereof.

In making this change, the allegation of the indictment that the prosecutrix then and there "not being the wife of the said George H. Young" was changed to read "not being the wife of the said Edward Exnoal Johnson, Jr."

Appellant insists that such change amended the indictment as to a matter of substance, which is unauthorized. Branch's P. C., Sec. 511.

A similar contention was held untenable in Colter v. State, 41 Tex. Cr. R. 78, 51 S. W. 945.

It would be a strange doctrine, indeed, that would authorize an accused, by suggesting his correct name, to vitiate the indictment against him. The statute (Art. 496, C. C. P.) authorizing the accused to suggest that his true name be inserted in an indictment was intended to have no such construction.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.