## JONES v. BERKSHIRE et al.

1. ACKNOWLEDGMENT OF DEEDS. A certificate of acknowledgment executed in another State, and appended to a deed conveying lands in this State, to which there is no seal attached by the Court or officer taking the same, nor any certificate, under competent authority, attesting the official character of such officer, is insufficient under §§ 2245, 2246 of the Revision of 1860.

2. SAME: CURATIVE ACT RETROSPECTIVE ONLY. Section 2248, Revision of 1860 (chap. 30, Laws of 1858), is retrospective only, and does not cure defective certificates of acknowledgments made after the date of its taking effect. (*Reynolds* v. *Kingsbury, ante.*)

3. MORTGAGE AS EVIDENCE. A mortgage defectively acknowledged is admissible in evidence against the mortgagor, and also against a subsequent purchaser, if followed with proof that he acquired his title with actual notice of its existence. When such additional proof is not produced, the purchaser may object for the first time, on the hearing, to the insufficiency of the acknowledgment.

4. RECORDING ACT: INDEX. A husband and wife joined in the execution of a mortgage of real estate, belonging to the wife, to secure the payment of notes executed by the husband. The index of the mortgage described the husband, instead of the wife, as the mortgagor. It was held that the index was sufficient to put a subsequent purchaser upon inquiry, and that this defect did not invalidate the constructive notice imparted by the record.

5. SAME. The rule is that when the index contains enough to put a careful examiner upon inquiry, and if, upon inquiry, an adverse title would have been ascertained, the party will be held to notice. (*Scoles* v. *Wilsey et al.*, 11 Iowa, 261; *Bostwick* v. *Powers et al.*, 12 Id., 456; *Calvin* v. *Bowman and Neal,* 10 Id., 529.)

6. PLEADINGS AND EVIDENCE: CONSIDERATION. When the petition in a foreclosure proceeding does not allege that the title of a subsequent purchaser was acquired fraudulently, or without consideration, and the cross-bill of such purchaser alleges specifically that he is a *bona fide* purchaser, and the answer thereto raises no issue as to the consideration paid, the deed under which such purchaser claims will be sufficient without independent evidence to show the amount of such consideration.

7. SAME: BURDEN OF PROOF. When a deed is attacked upon the ground that it is not supported by a consideration, the burden of proof is upon the party making the attack.

*Appeal from Dallas District Court.*

FRIDAY, OCTOBER 16.

COMPLAINANT seeks to foreclose a mortgage made by W. H. Berkshire and wife to one Kahler, in March, 1860, upon certain lands held in the name of the wife. The respondent, Lemon, claims to be a *bona fide* purchaser of the same premises, without notice of complainant's mortgage, under a deed of September 8th, 1860. On the hearing, respondent's position was sustained, and complainant appeals.

*C. C. Cole* for the appellant.

*Casady & Polk* for the appellee.

WRIGHT, J.—That the certificate of acknowledgment attached to the mortgage fails to comply with the requirements of our statute is substantially admitted by appellant's counsel. It is claimed, however, that it is in accordance with the laws of the State (Indiana) where it was executed ; that it is, therefore, good and sufficient here, and that when recorded, it imparted constructive notice of its contents to subsequent purchasers. This view is sought to be sustained by §§ 2245, 2246, 2248 of the Revision. Appellant can derive no aid from §§ 2245 and 2246, as there is no pretense that there is a seal attached by the court or officer taking the acknowledgment, nor is there any certificate under the proper authority, attesting the official character of such officer. Section 2248 (being § 1, ch. 30, Laws of 1858) is curative in its character, and was intended to make valid deeds and conveyances executed before that time and acknowledged or proved according to the laws and usages of the State where acknowledged. This mortgage was made in 1860, after the passage of the act of 1858, and

is not, therefore, cured nor affected by its provisions. (*Reynolds* v. *Kingsbury, ante.*)

But it is claimed that the execution of the mortgage as stated by complainant in his petition, is not traversed. It is sufficient to say in answer to this position, that appellant mistakes the record. As we read it, there is a full and sufficient denial of the execution of the mortgage, an averment, in express words, that it never was duly acknowledged or recorded, and a like claim that respondent purchased the land without notice of any prior lien or incumbrance.

It is also insisted that as the mortgage was introduced in evidence, without objection, it was not competent for respondent to object to the sufficiency of the acknowledgment, on the hearing of the case. This is well answered by the suggestion, that the mortgage was good as between the parties to it, without any acknowedgment and without recording. However defective in these respects, therefore, Lemon could not, on the trial, object to its introduction, for complainant needed this proof to recover against the mortgagor, which he had a right to do, though he might not make his lien effectual as against the subsequent purchaser. Not only so, but, as against Lemon, the mortgage was not inadmissible, for it might have been followed up by proof of actual notice. If no such proof was offered, then, on the hearing, he could claim that he was protected, as the record did not impart constructive notice of the existence of the mortgage.

In this connection appellee insists that the record of the mortgage was not notice, for the reason that it was not properly indexed. It seems that the title to the land in controversy was in the name of W. T. Berkshire, who executed the note, secured by said mortgage. The index points to the proper page in the record book; the proper dates of the instrument and the filing; the correct description of the land, the true mortgagee, but gives the mortgagor as W. H. instead of W. T. Berkshire, the holder of the legal title.

The point is, that as the name of the wife, the holder of the legal title, was not found in the record, a searcher for incumbrances would have no notice of any mortgage which would affect his title. The index, however, was sufficient to put him upon inquiry. The mortgage itself does not indicate that the wife conveyed any less than the entire right or estate which she held in the mortgaged premises. Having joined with her husband, therefore, the instrument was sufficient (under § 2255, Rev.) to pass any interest which she held in her own right, independently of the husband. If the inquiry properly and legitimately suggested by this index, therefore, had been made, it would have been found that there was a mortgage duly signed by the parties having the power and right to convey. And this inquiry it was the duty of the subsequent purchaser to have made. By the index he was notified that there was a mortgage upon these premises, made by a party who, apparently, claimed to have the right to make the same, and who really had an interest therein. The rule is that if enough is disclosed by the index to put a careful or prudent examiner upon inquiry, and if, upon such inquiry, the adverse title would have been ascertained, the party will be held to notice. *Scoles* v. *Wilsey et al.*, 11 Iowa, 261; *Bostwick* v. *Powers*, 12 Id., 456; *Calvin* v. *Bowman and Neal*, 10 Id., 529. What facts are sufficient to put a party upon inquiry must, of course, depend upon the circumstances of each case. Upon this subject no fixed rule, can be given. But if, as has been held, to refer to the description of the premises in the index, by the words "see record," or "certain lots of land," (10 and 12 Iowa, *supra*,) is sufficient to put a party upon inquiry, we entertain no doubt but the indexing in this case would be fully as effectual in charging him with notice.

But the remaining inquiry arises upon the following facts: Respondents' deed bears date subsequent to com-

plainant's mortgage, and with a consideration of $6,600, the receipt of which is acknowledged, the land conveyed being 480 acres. No other evidence was offered to show the nature of the consideration, nor when or how it was paid. Complainant now insists that the deed itself is not sufficient to show that Lemon was a purchaser for a valuable consideration, but that he should have shown payment of the purchase money by direct and independent proof, that the recitals in the deed are no evidence whatever that he actually paid the consideration named.

In the present instance we wage no controversy with the rule as stated, being perfectly clear that its discussion is unnecessary. The bill alleges that Berkshire and wife, subsequent to the execution of the mortgage, made a conveyance to the respondent, Lemon, and asks that his equity of redemption as a subsequent purchaser be foreclosed. The answer of Lemon is in the nature of a cross-bill; denies that complainant's mortgage was ever properly acknowledged, indexed or recorded, or that he ever had notice thereof. He then sets up his purchase and deed for the premises in controversy, and asks that the mortgage, as against him, be declared null and void, and that complainant be enjoined from setting up any title thereunder. In the answer of complainant to this cross-bill, there is no suggestion that the respondent was not a purchaser for a valuable consideration, but without controverting this he proceeds to state matter to show that the mortgage was properly acknowledged and recorded, and that respondent, though a subsequent purchaser for value, had notice of said prior incumbrance. In this state of the record we do not think that respondent was bound to do more than introduce his deed, if even that. There is no intimation, on the part of complainant, that respondent obtained his title fraudulently, as against creditors or otherwise, there is nothing approximating an averment that he was not a purchaser for value,

but, on the contrary, the pleadings seem to assume that he was such purchaser, the real issue being whether, as such purchaser, he had notice of the mortgage.

Now, if it had been alleged in the bill that respondent was not a purchaser for value, and the answer in denial had been directly responsive to such allegation, such denial, in the absence of testimony, would, of course, have been taken as true. As thus stated, the rule is well settled: while in some instances it has even been held that, though the answer is not responsive to allegations or interrogatories in the bill, yet if it contains a sufficiently full and precise averment that respondent is a *bona fide* purchaser without notice, the burden of proof is upon complainant, to impeach the integrity of respondents' title. 2 Leading Cases in Equity, 124, and cases there cited. Under either rule the finding of the Court below in this case may be sustained. For instead of averring that respondent was not a purchaser for value, the bill, in substance, concedes it; and when the title is set up in the cross-bill, instead of denying its sufficiency, it is, in effect, admitted. Under such circumstances we are clear that respondent was not required to offer other and independent proof to establish the nature and payment of the consideration recited in his deed.

Affirmed.