GEORGE T. DAVIS, Executor, et al. v. JOHN R. WHITAKER et al.

*Constructive Notice—Filing Deed for Registration—Registration—Failure of Register to Index.*

1. The filing of a deed for registration is in itself constructive notice; and hence,
2. The failure of the Register of Deeds to index a deed which has actually been registered cannot impair its efficacy.

CIVIL ACTION, tried before *Graves, J.*, at March Term, 1894, of HALIFAX Superior Court, on an agreed statement of facts of which those necessary to an understanding of the decision are set out in the opinion of Chief Justice SHEPHERD.

From a judgment for the plaintiffs the defendants appealed.

*Mr. R. O. Burton*, for plaintiffs.
*Mr. J. M. Mullen*, for defendants (appellants).

SHEPHERD, C. J.: The only question presented for our consideration is whether the deed to Spier Whitaker, trustee, was properly registered, so as to give it priority over the deed executed to Dobie & Co. on the 28th January, 1890. The deed to Whitaker was duly admitted to probate on the 15th of January, 1883, and ordered to be registered with the certificate of the Clerk of the Superior Court, and on the same day, together with the fee for its registration, it was delivered by the Clerk to the Register of Deeds, who made thereon the following indorsement: "Received and recorded January 15, 1883, in Book 69, at page 395." The deed was duly registered on that day, but the Register of Deeds failed to index the same either

in the book in which it is registered or in the cross-index provided by section 3664 of *The Code.*

It is laid down in Jones on Mortgages (Vol. I, sec. 553) that "The general policy of the recording acts is to make the filing of a deed, duly executed and acknowledged, with the proper officer, constructive notice from that time; and although it be provided that the Register shall make an index for the purpose of affording a correct and easy reference to the books of record in his office, the index is designed not for the protection of the party recording his conveyance, but for the convenience of those searching the records; and instead of being a part of the record it only shows the way to the record. It is in no way necessary that a conveyance shall be indexed as well as recorded in order to make it a valid notice."

That the filing of the deed with the Register had the effect of registration has always been understood to be the law in this State, and such very clearly has been the construction put by this Court on the Act of 1829, which now constitutes section 3654 of *The Code. McKinnon* v. *McLain,* 2 Dev. & Bat., 79; *Metts* v. *Bright,* 4 Dev. & Bat., 173; *Parker* v. *Scott,* 64 N. C., 118. In the case last named the Court said: "The deed in trust was delivered to the Register for registration at 10 o'clock A. M. on the 20th day of December, 1866, and was actually registered on the 20th day of January, 1867, as appears from the certificate of the Register. In contemplation of law the deed in trust was duly registered from the time of its delivery to the Register, and from that time was good against creditors." The case of *Moore* v. *Ragland,* 74 N. C., 343, is not in conflict with this well-established doctrine, as it appears that the mortgage was left with the Register with directions "not to register the same until he should be thereafter required by the plaintiff to do so." In contemplation of law the mortgage had not been delivered to the Register for registration.

DAVIS *v.* WHITAKER.

In some of the States such effect is not given to the filing for registration, but even in those States, with but one exception, it is held, says Judge FREEMAN, "that a deed properly filed and copied into the record is recorded within the meaning of the registration laws and imparts notice to subsequent purchasers, notwithstanding the failure of the recorder to properly index it, and that the index is no part of the record." See note to *Green* v. *Garrington*, 91 Am. Dec., 109, in which many cases are cited sustaining the views of the annotator.

In consideration of the decisions of this Court, agreeing as they do with the preponderance of authority in other jurisdictions, we do not feel justified in departing from the doctrine that the filing for registration is in itself constructive notice; and if this be so, it must follow that the failure of the Register to index a deed, which has actually been registered, cannot impair its efficacy.

It is true that in *Dewey* v. *Sugg*, 109 N. C., 328, it was held to be essential to a judgment lien that it should be properly indexed, but the decision turned upon the construction of the statute, and the indexing was considered to be an essential element to the creation of that particular kind of lien. A judgment must be actually docketed by a compliance with all the statutory requirements before it becomes a lien, whereas, as we have seen, a registration is valid upon the mere filing for registration.

In the absence of more explicit legislation we cannot hold that the statute directing the indexing of deeds, etc. (*The Code*, §3664), has the effect of repealing the existing law as declared by this Court.                Affirmed.