## TYLER TERM, 1894.

[The following cases, from the Tyler Term, 1894, should properly have appeared in the Thirty-third volume of the Texas Criminal Reports, but did not reach the Reporter in time for publication in said volume.]

### JOHN DICKSON v. THE STATE.

*No. 936. Decided November 21.*
*Motion for Rehearing Overruled April 13, 1895.*

1. **Slander—Innuendo—Evidence.**—On a trial for slander, where the information, after setting out the slanderous words, further alleged, by innuendo, the meaning of said words, and the court, over objection of defendant, permitted the State's witness to testify as to what he understood was the meaning of the language used, *Held*, the testimony was admissible to prove the innuendo. (But see contra paragraphs numbers 4, 5, and 6, below.)

#### ON MOTION FOR REHEARING.

2. **Slander—Information—Sufficiency of.**—An information for slander which alleged the accused "did falsely and maliciously impute a want of chastity to C., by saying that one H. was *monkeying* with said C., and doing what he pleased with her, meaning that said H. was having carnal knowledge of her, the said C.," is unquestionably good.

3. **Idem Sonans.**—The christian names "July" and "Julia" are idem sonans.

4. **Innuendo—Office and Purpose of in Pleading.**—In libel or slander, an innuendo is an explanatory averment of the meaning; it neither adds to nor qualifies any previous allegation. If a word has two significations, and the preceding averments have laid the foundation for the one claimed, the innuendo may say that this is the one meant. Still, the jury must be satisfied that the meaning of the libelous or slanderous words is what they allege it to be.

5. **Same—Can Not be Proved.**—An innuendo in criminal pleading charges no fact, and it does not admit of being sustained by evidence.

6. **Same—Evidence Inadmissible, but Harmless.**—On a trial for slander, where the court erred in permitting a witness to testify as to what he understood the defendant to mean by the words used, *Held*, that the error was harmless where the words themselves clearly and unequivocally indicated the meaning the accused intended to convey.

APPEAL from the County Court of Hill.   Tried below before Hon. W. P. CUNNINGHAM, County Judge.

This appeal is from a conviction for slander, the punishment assessed being a fine of $150.

It is only necessary to give the material portions of the testimony of the State's witness, Bob Goodman.   This witness testified:   "I know the defendant, John Dickson; saw him about the time mentioned in the information.   I know Miss Julia Chambliess, also.   I had a conversation with John Dickson, in Hill County, Texas, about Miss Julia Chambliess, about the time mentioned in the information, in which John Dickson said that he had a letter from Miss Julia Chambliess, which letter stated that if he (Dickson) could do no better than that, to keep letter at home.   Dickson said he did not care, as Ed Henry was monkeying with her, doing what he pleased with her, and ramming it to her.   That he was a party to said conversation, and he understood said Dickson to mean by said remarks that he (Henry) was doing it to her—that is, having carnal knowledge of her.   That said Dickson further stated, that he knew that what he said about Julia Chambliess was true from experience.   That John Dickson was a man full grown, and that Julia Chambliess was a female."

*Bounds & Bounds*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of slander, and his punishment assessed at $150.   There are various grounds of error assigned, but we will only consider the most material.

1.   The court did not err in overruling the motion to quash the information.   It certainly charged the offense of slander, and the meaning of the language used is sufficiently stated by innuendo.

2.   There is no error in the general charge of the court.   It is sufficiently comprehensive, and, with the special charges requested and given, presented the case to the jury as favorably to appellant as he could ask.

3.   The appellant complains that the court erred in permitting the county attorney to ask the witness what appellant meant by saying that "Ed Henry was monkeying with July Chambliess," and in permitting the witness to answer that "said Henry was having carnal knowledge of her," because the question called for the opinion of the witness, who should state only what was said, and not what was meant, that being a question for the jury.   The complaint alleges that appellant used the language, and, by innuendo, stated it meant "Henry was having carnal knowledge of her, the said July Chambliess."   Can the matter alleged by innuendo be proven?   It is held in this State, that the truth of an innuendo may be proven.   In Riddle's case, 30 Texas Criminal Appeals, 426, Judge White says, that having alleged

the slanderous words with an innuendo which would go to establish an offense, if proved, it was necessary to prove the innuendo as substantially as the slanderous words themselves. See also Berry's case, 27 Texas Crim. App., 484; 2 Whart. Crim. Law, 8 ed., sec. 1661. It is true, Mr. Bishop says an innuendo does not admit of being sustained by proof. Bish. Crim. Proc., 793; Townsh. Sland. and L., secs. 335, 342. This is where, under the rules of criminal pleading, the circumstances necessary to explain the meaning of slanderous words are stated in the indictment by way of inducement, and the only office of the innuendo is to refer the libelous words to the facts so set forth. 13 Am. and Eng. Encyc. of Law, p. 501, sec. 4; Townsh. Sland. and L., secs. 129, 308, and notes 1, 2; Id., secs. 335–337. With us, the office of the innuendo is enlarged to explain the meaning of the language spoken, and we dispense with the inducement or colloquium, and the innuendo may be proven. Now, where the words are obviously defamatory, or are clear and unambiguous, whether defamatory or not, the court and jury, and not the witnesses, construe the words; and a witness can not be asked how he understood the words, nor what impression was produced on his mind on hearing them, and the words are to be construed in their ordinary and usual sense. When, on the other hand, the language is ambiguous as to its import or signification, and the words used are not ordinary, but are local, technical, or slang terms, evidence is admissible to explain their meaning, and the testimony of hearers is admissible as to how they understood the words. The question is in what sense the hearer understood the words, for slander and damage consist not in the intent of the speaker, but in the apprehension of the hearers. Townsh. Sland. and L., secs. 127, 384; Dorland v. Patterson, 23 Wend., 424; Demarest v. Haring, 6 Cow., 76; Smart v. Blanchard, 42 N. H., 137; Barton v. Holmes, 16 Iowa, 252; Smith v. Miles, 15 Vt., 245; 13 Am. and Eng. Encyc. of Law, 385. But such testimony, which is admitted to show what meaning hearers of common understanding would and did ascribe to the words, is not conclusive on the jury. Nelson v. Borchenius, 52 Ill., 236; Vanderlip v. Roe, 23 Pa. St., 82; Wimer v. Allbaugh (Iowa), 42 N. W. Rep., 587. Hence we do not think the court erred in permitting the questions complained of to be asked.

The other errors assigned are not regarded as material, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.

### ON MOTION FOR REHEARING.

DAVIDSON, JUDGE.—This case was tried in the court below, and appealed to the Tyler Term, 1894, of this court, the judgment affirmed, and now comes before us on a motion for rehearing of the case. The appellant in his motion contends, that the indictment is defective as to

the charge "that appellant did falsely and maliciously impute a want of chastity to July Chambliess, by saying that one Ed Henry was monkeying with said July Chambliess, and doing what he pleased with her, meaning that the said Henry was having carnal knowledge of her, the said July Chambliess." We think the indictment is unquestionably good. Nor, in our opinion, is there any variance between the names "July Chambliess," as alleged in the indictment, and "Julia Chambliess," as proven, "July" and "Julia" being idem sonans. In the opinion heretofore rendered in this case, this court held that it was competent to prove by a witness who heard the slanderous words what he understood them to mean. We have re-examined the question, and in our opinion, this is not the correct doctrine in criminal cases. In civil cases, where the words spoken are ambiguous, some of the authorities allow this; but they are by no means uniform. See Barton v. Holmes, 15 Iowa, 252. In that case it was said: "Such testimony is received not to ascertain the words, for they are directly proved, nor to learn the sense in which the speaker intended to be understood, for his intentions are immaterial, since they can not limit the injury or atone for the wrong, nor is it to ascertain the correct definition of the words used, but simply to determine how the hearers understood them." It will be noticed that one of the grounds assigned is with reference to the intentions of the party uttering the words, and it is stated that these are immaterial. This may be true in a civil case, as to proof of an element of damage, but in a criminal case the intention of a party uttering the words is the very gist of the offense. Mr. Bishop, than whom there is no higher authority in all questions of criminal law (2 Bish. Crim. Proc., sec. 793), says: "An innuendo is an explanatory averment of the meaning. It charges no fact, and it does not admit of being sustained by evidence; the pleader, having in the colloquium and elsewhere stated all the extrinsic and other facts desired, introduces into his recitation of the libelous words, when necessary, the expression 'meaning so and so,' and this is called an 'innuendo.' Alleging nothing, it neither adds to nor qualifies any previous allegation; but if, for example, a word has two significations, and the preceding averments have laid the foundation for the one claimed, the innuendo may say that this is the one meant." "Still the jury, to convict, must be satisfied that the meaning of the libelous words is what they allege it to be. This is a question for them, not for the court." Id., sec. 799.

It will be observed in this case that the words charged in the indictment were not only the words "monkeying with her," but in the same connection, and a part of the same sentence, "and doing with her as he pleased;" and the evidence of the witness not only shows the use of such words in that connection, but witness also stated that, as a part of the expression of the defendant, and in connection with said words, the defendant said that the party spoken of was "ramming it to her." In our opinion, the words spoken were not ambiguous, and could, to the ordinary understanding, have but one signification, and required

no explanation.   They were actionable per se in a civil suit.   Elam v. Badger, 23 Ill., 498; Townsh. Sland. and L., sec. 172.   According to Mr. Bishop (section 799):   "It is the duty of the jury to construe plain words and clear allusions to matters of universal notoriety according to their obvious meaning, and as everybody else who reads them must understand them."   In order to enable the jury to arrive at the meaning of a local phrase not well defined and in general use, an innuendo may become necessary; and in such case witnesses may testify as to the signification or meaning of such words in the locality.   Commonwealth v. Morgan, 107 Mass., 202.   And, moreover, the courts all agree that it is competent to prove facts and circumstances attending the speaking of the words, the situation of the parties, and their relations to the subject matter or occasion of the slander, and any other portions or all of the same conversations.   This testimony is admitted in order to enable the jury to correctly determine the ultimate fact, to wit, in what sense the words were uttered.   In this case, while we hold that it was not proper for the court to have admitted the testimony of the witness as to what he understood the defendant to mean by the words used, yet we fail to see how the defendant suffered any prejudice thereby, as the words themselves clearly and unequivocally indicated the meaning appellant intended to convey; and the jury trying the case could have arrived at no other conclusion in regard to the defendant's meaning in using such language.   Barton v. Holmes, 16 Iowa, 252.

The motion for rehearing in this case is overruled.

*Motion overruled.*

Judges all present and concurring.