F. S. ROYSTER, Administrator v. P. LANE, et al.

*Registration of Mortgage—Clerical Mistake in Recording—Priority of Liens.*

1. A registry of a mortgage is not void because of a clerical mistake made by the register in transcribing, which does not affect the sense and provision as to the amount secured, description of property, &c., or obscure the meaning of the instrument.

2. A mortgage by " Patrick Lane and wife Zilpha Lane " to F was properly executed, probated and ordered to be registered but the Register of Deeds in transcribing the words in the premises wrote " Patrick *Savage* and wife Zilpha *Savage* " instead of " Patrick Lane and wife Zilpha Lane." In recording the description of the land the Register followed the mortgage in describing it as " all the real estate of which Patrick *Lane* is seized, &c.," but in a further description " embracing that which Patrick Lane purchased " it was transcribed as " that which Patrick *Savage* purchased, &c." Otherwise, the mortgage was transcribed exactly as written, referring to " Patrick Lane " as the party of the first part, maker of the notes and as entitled to surplus after payment of the debt in case of a sale. The mortgage was properly indexed. Subsequently, another mortgage was made to one M. ; *Held*, in an action of foreclosure, that the mortgage to F as registered was good for all purposes and had priority over the mortgage to M.

ACTION by the plaintiff, administrator *d. b. n. c. t. a.* of O. C. Farrar against Patrick Lane and wife and J. J. Martin, tried before *Boykin, J.*, at Fall Term, 1895, of EDGECOMBE Superior Court. The facts appear in the opinion of Associate Justice MONTGOMERY. From a judgment in favor of the plaintiff the defendant appealed.

*Mr. G. M. T. Fountain* for defendant (appellant).
*Messrs. Staton & Johnston* for plaintiff.

MONTGOMERY, J. : Patrick Lane and his wife Zilpha executed a mortgage in 1881 to O. C. Farrar upon a tract of land in Edgecombe county to secure to him a debt of $2,791.94. The mortgage was proved in due form, the private examination of the wife taken before the clerk of the superior court, and the instrument ordered to registration by that officer. The register of deeds, instead of recording it as it was written, when he came to transcribe

the words in the premises, " Patrick Lane and his wife Zilpha Lane, " wrote Patrick Savage and wife Zilpha Savage, instead.    That officer, in recording the description of the land, followed the mortgage, which was in these words : " All the real estate of which said Patrick Lane is seized and possessed," &c., but when he came to copy the further description, he wrote " said land embracing that which said " Patrick Savage " purchased _____ instead of writing " said land embracing that which said *Patrick Lane* purchased. "    The mortgage was otherwise registered just as it was written, the conditions showing that Patrick *Lane*, " party of the first part," owed the debt and that if he should pay it according to the conditions of the mortgage it should be void, and providing that in case default was made by him in its payment and a sale had to be made, the surplus if any, should go to Patrick *Lane*.    A second mortgage was made in 1892 by the same Patrick Lane and his wife to J. J. Martin on the same piece of land to secure a debt Lane owed Martin.    This action is prosecuted by the administrator of Farrar to have foreclosure, first, to pay the debt due under the first-named mortgage, and then to pay any surplus to Martin on his second mortgage.    His Honor was of opinion that the first mortgage was a prior lien and ordered the land to be sold to pay, first, to the plaintiff the debt due to his intestate's estate, and any surplus to Martin.    The defendant Martin appealed.

The mortgage to Farrar was properly indexed, i. e., in the name of " Patrick Lane and wife Zilpha to O. C. Farrar. "    It was properly admitted to probate, the wife's private examination being also taken, and the order of registration duly made by the clerk.    It was the register's duty to record it.    There was enough of the mortgage registered properly to show to everybody that the register had made

the clerical mistake of writing Patrick *Savage* and wife as the grantors, instead of following the mortgage and writing it Patrick *Lane* and wife.

There is no rule of law that we are aware of which makes void a registry because of a clerical mistake, made by the register in transcribing, which does not affect the sense and provision as to the amounts secured, description of property, &c., or obscure the meaning of the instrument. *St. Croix Co.* v. *Richter*, 73 Wis., 409.

We are of opinion that the mortgage, registered as it was, was good for all purposes. This view of the matter renders it unnecessary to go into an extended discussion of notice and its effect upon subsequent purchasers. There was no error in the rulings of the court below.

No Error.