## HAMPTON LUMBER CO. v. WARD et al.

### (Circuit Court, E. D. North Carolina. July 5, 1899.)

**1. MORTGAGES—RECOVERY—FAILURE OF REGISTER TO INDEX.**

The title of a mortgagee in North Carolina, who had complied with the registration laws, and filed his mortgage for registry, is not affected by the fact that the officer, after copying the mortgage on his books, failed to index it; and a subsequent purchaser from the mortgagor takes only the right of redemption, though without actual knowledge of the mortgage, his remedy, if misled by the failure to index, being by an action for damages against the register.

**2. JURISDICTION OF FEDERAL COURTS—ADMINISTERING ASSETS OF DECEDENT.**

A federal court has jurisdiction of a suit brought by a creditor to administer the assets of a deceased person, where the necessary diversity of citizenship exists between the parties.

Suit in Equity. On final hearing.

W. D. Pruden and Shepherd & Busbee, for plaintiff.

E. F. Aydlett, F. H. Busbee, and G. W. Ward, for defendants.

PURNELL, District Judge. Counsel having failed to point out, as contemplated, the points at issue in this cause, and argued same on voluminous depositions, which the judge, sitting as chancellor, was not able, on account of other official duties, or inclined, to examine in detail, the case was referred to a special master to find the facts and state the account. The report of master was filed by mistake in the office of the clerk, and some counsel, hearing of this, filed exceptions. This is not allowable. The report was intended for the court only, and being so ordered and intended, counsel, who had had their day in court, been heard to argue for three days the facts and law, have no right to be heard further, especially when they file exceptions without permission of the court or notice to opposing counsel. Such exceptions are no part of the record.

The finding of facts and statement of account by the special master, after a careful review of the record, are in all respects affirmed. The finding of fact No. 26 being affirmed, the question suggested in paragraph No. 27 does not arise. When an issue is raised by the pleadings, and the party upon whom the burden of proof rests fails to produce such proof, the issue is always to be found against such party.

In the finding of the master numbered 13 the question whether the Perry mortgage (of which the plaintiff had no actual notice, which

mortgage was copied on the books of the register of deeds, but not indexed by that officer) was notice to plaintiff cannot effect the determination of the cause. The master holds that, if this was registration, plaintiff had constructive notice; but if this was not registration, because of the failure of the officer to index the mortgage, it would be inoperative, and plaintiff got a good title to the property conveyed. I cannot agree with or affirm the master in his alternative conclusion of law. The grantee under the Perry mortgage, having complied with the registration laws of North Carolina, and passed through the stages of probate and registration, had title vested in him. His title was valid. Such title could not be devested by a failure to index on the part of the register of deeds. Davis v. Whitaker, 114 N. C. 279, 19 S. E. 699. That officer would be liable on his official bond in an action sounding in damages to any party endamaged by his neglect of a duty required by law. State v. Grizzard, 117 N. C. 105, 23 S. E. 93. The grantee had presumptively complied with the law, paid all fees required, for such officers do not register deeds until the fees are paid,— generally to the probate officer, who hands them to the register with the instrument,—and his duty, as far as perfecting his title, was complete. Title conveyed by Ferebee (the legal title) was out of him, and under the contract the plaintiff could acquire nothing more than remained in Ferebee (the equity of redemption). If plaintiff was misled or damaged by the failure to index, his remedy was against the register of deeds; but he could not acquire or devest the Perry title, or acquire a good title as expressed in the report. Whether this unindexed mortgage was notice at the time the contract was made is not of vital importance in this suit. The existence of the registered unindexed mortgage was discovered before the contract was performed. Plaintiff has since purchased the title under the mortgage, and is entitled to the credit allowed in the report. The grantor (Ferebee) certainly knew of the Perry mortgage, and could not be benefited by the failure to index; and plaintiff is entitled in equity to a credit for any additional expense caused by the failure to disclose the existence of the mortgage at the time of entering into the contract. This is allowed in the statement of account, and is affirmed.

I have some doubt, since the investigation has disclosed the true facts of the case, whether this case should originally have been instituted in this court. It is really an action on a contract, and for the settlement of an estate, with barely enough equity, and the lack of an adequate legal remedy, to give the court jurisdiction. But the court has jurisdiction, the suit being between citizens of different states, to administer the assets of a deceased person. Lawrence v. Nelson, 143 U. S. 215, 12 Sup. Ct. 440; Hayes v. Pratt, 147 U. S. 557, 13 Sup. Ct. 503; Bank v. Heilman, 81 Fed. 36. Having jurisdiction, the court will retain the cause to a final settlement. A decree will be drawn and entered in favor of the plaintiff for the balance of $789.79.

The amount of timber cut cannot be determined until the receiver and inspector make their report. It is ordered that notice issue to the receiver and inspector to at once file the reports heretofore ordered, and that they show cause, if any they have, why they should not be attached for failing and neglecting to comply with the former

order of this court in this behalf.    Fifty dollars is hereby allowed Jos. B. Batchelor, Esq., special master, for services, to be taxed as costs, one-half against plaintiff and one-half against defendants, and this order will be included in the decree.    It is so ordered.