RICHARD I. SMITH v. AYDEN LUMBER COMPANY.

(Filed 26 February, 1907).

1. **Conveyance—Real Property—Probate Officer an Employee.**—A proper officer to take acknowledgment of grantors and privy examination of married women to conveyances of land is not disqualified to act therein when he is an employee of the grantee, without any interest in the land conveyed.

2. **Deeds—Sufficient Registration—Notice.**—The registration of a deed showing the probate, including the separate examination of the wife, and the order of registration, and the names of the grantors, but omitting a copy of their signatures at the end of the instrument, is sufficient notice under section 980, Revisal 1905.

3. **Registration—Notice—Duty of Grantors.**—When the Register of Deeds receives from the grantors a deed for registration, the filing for registration is sufficient notice under section 980, Revisal 1905, and the duty of the grantors respecting such registration is at an end.

MOTION to dissolve restraining order, heard at chambers before *Shaw, J.,* at Snow Hill, GREENE County, 4 December, 1906. The motion was allowed, and plaintiff appealed.

*J. L. Fleming* and *Skinner & Whedbee* for plaintiff.
*Jarvis & Blow, F. C. Harding* and *L. I. Moore* for defendant.

CLARK, C. J.   Two questions are presented by this appeal: 1. Is the deed under which the defendant claims void because the acknowledgment of the grantor and privy examination of his wife were taken before a notary public who was an employee of the grantee? It is true that a deed cannot be acknowledged before nor the privy examination of a *feme covert* be taken by an officer who has any interest in such conveyance either as a party, trustee or *cestui que trust,* and the registration upon such certificate would be invalid and not even notice to creditors and subsequent purchasers. *Long v. Crews,* 113 N. C.; 256; *Lance v. Tainter,* 137 N. C., 249. But here there is no evidence that the notary public who took the acknowledgment of grantors and privy examination of the *feme covert* had any interest whatever in the property or the conveyance. There is no complaint from the grantors nor any allegation or proof of wrong-doing. The notary public happened to be an employee of the grantee. It is often the case that a notary public is clerk in a bank, but this does not disqualify him from taking acknowledgment of papers executed by or to the bank. That the officer, here a notary public, is not disqualified by reason of being an employee of the grantee, without any interest in the property, is held in *Bank v. Ireland,* 122 N. C., 576.

2. Was the deed duly recorded according to law so as to be sufficient notice under Revisal, sec. 980? The only irregularity alleged is the failure of the Register to copy upon his

record, at the end of the copy, the names of the grantor and wife. In every other respect the deed was accurately transcribed on the record, including the probate and order of registration. These last recited the names of the grantors and the proof and adjudication that they had duly signed and delivered said deed and acknowledged their signatures, and also the privy examination of the wife. In the body of the deed as registered the names of the grantors are set out. This was full notice. *Heath v. Cotton Mills,* 115 N. C., 208. Any reasonable man must have seen that the failure to copy the signatures at the end was a mere inadvertence. If there was any doubt on the point, there was sufficient notice, surely, to put the plaintiff upon inquiry. Besides, when the grantee delivered his deed properly executed, acknowledged and probated to the recording officer, his duty was done. It was not his duty to supervise the copying by the Register of Deeds. The filing for registration is itself constructive notice. This is fully discussed and decided in *Davis v. Whitaker,* 114 N. C., 280, where it is said, quoting from *Parker v. Scott,* 64 N. C., 118: "In contemplation of law the deed in trust was duly registered from the time of its delivery to the Register, and from that time was good against creditors," and this principle is there applied to deeds under Code, sec. 3654, now Revisal, sec. 2658. In *Cunninggim v. Peterson,* 109 N. C., 33, the Register declined to receive the deed for registration till his fees were paid, and it was held that the grantee leaving the deed in the office was "not filing for registration."

In *Heath v. Cotton Mills,* 115 N. C., 208, it was held that where the record represents on its face, as by recitals or otherwise, that the instrument was sealed and, in fact, it was duly sealed, the record is valid and sufficient as notice, though it does not show a copy of the seal or any device rep-

resenting it.   This ruling was quoted and approved in
*Strain v. Fitzgerald,* 130 N. C., 601 (on the rehearing).
The same reasoning applies here, where the deed recites the
name of grantors and the probate recites the acknowledg-
ment of signatures, which were really appended, but were
left off by the Register of Deeds in copying the deed upon his
records.   Such mere clerical errors does not make void the
legal effect of the registration.   *Lane v. Royster,* 118 N. C.,
156.

The order vacating the restraining order is
Affirmed.