R. L. WILLIAMSON et al. v. CASPER R. BITTING et al.

(Filed 1 May, 1912.)

1. **Contracts, Written—Interpretation—Intent.**

> The plain intent gathered from a paper-writing will control its construction, and it will not be defeated by any omission to use technical words or expressions if equivalent words are employed for the purpose.

2. **Same—Mortgages—Prior—Registration—Attaching Creditors.**

> It appearing from a paper-writing that the maker intended it for a mortgage of certain personal property devised to him by his father, in the hands of the executors of his father's will, and made to them individually for moneys loaned by them to him: *Held,* that the registration of the mortgage prior to attachments issued by his creditor makes it superior to the creditor's lien, but only on property situated in the county where the mortgage was registered.

WILLIAMSON *v.* BITTING.

3. Appeal and Error—Additional Findings—Power of Court—Practice.

Upon appeal the Supreme Court will not examine the proof and find facts additional to those reported by the referee, and approved by the judge of the lower court.

4. Chattel Mortgages — Form of Registration — Interpretation of Statutes.

There is no special statutory mode presented for the registration of a chattel mortgage (Revisal, sec. 1040). The provisions of Revisal, sec. 982, relate merely to an inexpensive form of mortgage.

5. Reference—Findings of Fact—Widow's Year's Support—Appeal and Error.

A finding of the referee, confirmed by the lower court upon supporting evidence, that the widow of a decedent was reasonably entitled to the sum of $3,000 as a proper support during several years, will not be disturbed on appeal, upon the exception of the creditors of an heir at law that it had been wrongfully applied to her support, the will providing that she should 'have a reasonable support from his estate.

6. Mortgages — Proceeds of Sale—Interest—Equity—Distribution—Attacking Creditors.

Creditors secured by a mortgage, which was registered prior to attachments of other creditors of the mortgagor, when the mortgaged property has been sold under an agreement that the proceeds be held in place of the property and subject to the rights of the parties therein, are entitled to interest on their mortgage debt to be ascertained and paid to them in the final settlement.

7. Executors and Administrators — Partition—Commissions—Interpretation of Statutes.

An executor who sells his testator's land for partition, and not in the execution of any trust under the will, is only entitled to commissions as provided by the statute. Revisal, sec. 2792.

8. Mortgages—Other Property—Assignments for Creditors.

A mortgage given by a devisee on the property he is to receive under a will is not an assignment for the benefit of his creditors, in the absence of evidence that he owned no other property.

APPEAL from *Lyon, J.,* at September Term, 1911, of FOR-SYTH.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*L. M. Swink and D. H. Blair for plaintiff.*
*Manly, Hendren & Womble for interpleaders.*

WALKER, J. These are actions brought by the plaintiffs, as creditors of Casper R. Bitting, to recover the amount due by him to them. They were consolidated, and an order was then made by which the cause was referred to Mr. J. E. Alexander, who afterwards reported his findings of fact and conclusions of law to the court. It appears therefrom that attachments were issued in the several suits and levied on the interest of Casper R. Bitting in the lands devised by the will of his father and situated in Forsyth and Yadkin counties, and the funds due to him under said will were garnisheed by writs or notices duly served upon W. A. Whitaker and L. P. Bitting, executors of the will. Before these actions were brought, Casper R. Bitting became indebted to W. A. Whitaker and L. P. Bitting for money loaned, in the sum of $1,600, and in order to secure payment of the same he executed to them a paper-writing, which was in the form of a chattel mortgage, and conveyed to them certain articles of personal property described therein, and also all of the money and other property "due or to become due from his father's estate"; and afterwards, but before these suits were commenced, he executed another instrument, by which he assigned and transferred to them all his interest in the estate, to secure the payment of the said sum of $1,600 and an additional indebtedness of $275, and for the purpose of saving them harmless as his indorsers, and authorized them to retain so much of his interest in the estate as was necessary to pay the said indebtedness and for the other purpose recited in the paper. These instruments were proven and registered in Forsyth County before these suits were commenced, but were never registered in Yadkin County. The first instrument is called therein a "mortgage," and contains a power of sale, authorizing the mortgagees to sell the property at public auction, after advertising the same, and to apply the proceeds of sale to the payment of the debts. The defendants W. A. Whitaker and L. P.

Bitting interpleaded and, as executors, answered the notice of garnishment, denying that they held any property of Casper R. Bitting subject to plaintiff's attachment or garnishment, and as individuals claimed the entire interest of 'Bitting in his father's estate, under the instruments executed by him to them. It was agreed between the parties that the property should be sold by W. A. Whitaker, as commissioner, free and clear of all liens, and the proceeds held by him, subject to the rights and interests of the parties herein, which should not be impaired by reason of the sale, the fund being substituted for the property which had been sold. The property was sold by the commissioner, and there is now a fund of $1,527.88, which is to be disposed of according to the rights and interests of the parties therein.

We are of the opinion that the two instruments executed by Casper R. Bitting to W. A. Whitaker and L. P. Bitting, with the declared purpose of securing the debts, are sufficient to pass his entire interest in the estate of his father. They were informally and inartificially drawn, but the intent to mortgage all he had in his father's estate, whether real or personal property, is perfectly evident. The law will not allow the plain intention to be defeated by any omission to use technical words to express it, if equivalent terms are employed for the purpose. This we held in *Triplett v. Williams,* 149 N. C., 394; *Gudger v. White,* 141 N. C., 513, and very recently in *Acker v. Pridgen,* 158 N. C., 337. *Judge Story,* in *Tiernan v. Jackson,* 5 Peters, 58, said that "Whatever may be the inaccuracy of expression, or the inaptness of the words used in an instrument, in a legal view, if the intention to pass the legal title to property can be clearly discovered, the court will give effect to it, and construe the words accordingly." In *Hutchins v. Carleton,* 19 N. H., 487, it was held that the words "assign" and "make over" are as effectual, when a consideration is expressed, to raise a use or pass an estate as many other forms that have been sanctioned by the courts as sufficient for the purpose. Many cases are cited in the brief of defendant's counsel in that case, to which the Court refers as fully sustaining the liberal and practical rule which has generally been adopted for the construction of deeds.

*Patterson v. Carneal,* 3 A. K. Marshall, 618; *Chapman v. Charter,* 46 W. Va., 769; *Gordon v. Haywood,* 2 N. H., 402; 13 Cyc., 542, 543, and notes. "Attempts have been made to establish artificial rules for discovering the intention, and the offices of terms of general and particular description defined. The truth is, no positive rule can be laid down; for as each subject differs in some respects from another, and each writer will be more or less precise or perspicuous in expressing himself, the whole instrument is to be looked at, and the inquiry then made, Can it be found out, from this, what the party means?" *Proctor v. Pool,* 15 N. C., 370.

While we decide that the writings are sufficient to pass the title or interest of Casper R. Bitting, they will not affect any land in Yadkin County, as they were not registered there.

Plaintiffs say that, while the referee held that the unsold lands were, for this reason, subject to the lien of the attachments, he made no ruling as to lands which had been sold; but there is no finding of fact in the report upon which to base this exception, and we cannot find any additional facts. We can only consider those which were reported by the referee and adopted by the judge. *Frey v. Lumber Co.,* 144 N. C., 759; *Harris v. Smith,* 144 N. C., 439; *Cotton Mills v. Cotton Mills,* 115 N. C., 475; Pell's Revisal, sec. 525 and note. If a fact is found, of which there is no evidence, or upon incompetent evidence, we can review the ruling below, because there a question of law is involved. But there are no facts before us upon which we can make any ruling. It seems that the referee reported that the plaintiffs are entitled to enforce their attachment liens against certain land in Yadkin County, but it does not appear, by any finding of fact, whether or not those lands are sufficient in value to pay their claims. If they are, nothing has been lost by the adverse decision of the referee, which was approved and confirmed by the court. The two paper-writings or mortgages were properly registered. The law does not designate in what particular book instruments of this character shall be recorded. If they were actually registered and indexed, it is sufficient. The provision in regard to chattel mortgages (Revisal, sec. 1040) does not determine the mode of reg-

istration. That was intended simply to provide an inexpensive form of chattel mortgage. This case is governed by Revisal, sec. 982.

The plaintiffs complain that the executors have paid to the widow of J. A. Bitting $3,000 without authority, and that Casper R. Bitting is entitled to one-tenth of this amount so wrongfully misapplied. But the referee finds as a fact that the widow, under J. A. Bitting's will, was entitled to "a proper support," and that the amount paid to her, during several years and aggregating $3,000, was a proper and reasonable support for her, and did not exceed what was necessary for that purpose. This being so, we do not see why the allowance of this sum, in stating the account, was not correct.

As we have held that the instruments executed by Casper R. Bitting to W. A. Whitaker and L. P. Bitting are, in law, sufficiently definite in their language to constitute them mortgages upon his entire interest in J. A. Bitting's estate, which would entitle them to receive the fund of $1,527.88 realized from the sale of the property under the consent order in this case, they are entitled also to the interest accrued on the fund, to the extent that it is necessary to pay the indebtedness secured by those papers. The exception as to the interest on that fund, amounting to $144, is, therefore, overruled, but the interest on the fund will not be applied to the debts until there is a final settlement in this suit, and if it has already been applied, it must be restored.

The defendants excepted to the report of the referee because he had allowed W. A. Whitaker, as commissioner, on the proceeds of the sale of the land, more than the amount fixed by the statute for sales in partition proceedings. This was a sale for partition and not in the execution of any trust by the executors. It is such in form and substance, and the commissioner or executors should be allowed commissions only at the statutory rate. Revisal, sec. 2792; *Ray v. Banks,* 120 N. C., 389. This exception is sustained.

The other exceptions are covered by the ruling that the two writings given by Casper R. Bitting to Whitaker and Bitting are valid as mortgages to the extent we have already stated,

and the said defendants are entitled to apply so much of the mortgagor's interest in his father's estate as will be necessary for the payment of the indebtedness secured by them, but no more.

The paper-writings executed by Casper R. Bitting to secure his indebtedness are *bona fide* mortgages, and not assignments for the benefit of creditors. They do not cover, or purport to cover, his entire estate, but only a part thereof, or at least it does not appear that he did not have other property than that described in them. *Odom v. Clark*, 146 N. C., 544.

The judgment will be modified as herein indicated, each party to pay his own costs in this Court.

Modified.