### J. A. ELY v. ISAAC NORMAN.

(Filed 3 April, 1918.)

**1. Mortgages, Chattel—Real Estate.**

A written instrument creating a lien on crops to be raised on adequately described lands, to secure advancements made, with provision that should the crops be insufficient, "said paper is to be considered a mortgage on his lands"; *Held,* the writing creates a lien on the land itself for the amount found to be due and unpaid, after the application of the proceeds of sale of the crops, and enforcible by judgment of foreclosure. As to whether the writing is an equitable or legal mortgage, *Quære? Semble,* the latter.

**2. Mortgages—Original Parties—Registration—Junior Mortgages—Priorities—Distribution.**

Where a paper-writing has the ·effect of a mortgage on lands, the question of proper registration as between the original parties is immaterial; but becomes necessary for consideration when a junior mortgagee under a registered mortgage is made a party to the action, and the question of priorities has arisen in the distribution of the proceeds of the sale.

**3. Deeds and Conveyances—Registration—Indexing—Duty by Grantee.**

Where the general index in the office of the register of deeds correctly refers to the book and page where a chattel mortgage, or agricultural lien, combined with a real estate mortgage of the same land for the same purpose is to be found, it is sufficient for all purposes; and the fact that the instrument was only recorded in a book set apart for chattel mortgages and crop liens will not affect the rights of the mortgagee to the prior security of his lien on the land as against that of a junior mortgage. The duty of a grantee to see to the proper registration and indexing of his deed, and as to whether the indexing is a part of registration, discussed by HOKE, J.

**4. Deeds and Conveyances—Registration—Indexing.**

> *Held,* by BROWN, J., WALKER and ALLEN, JJ., concurring, that the index-
> ing of deeds is an essential part of their registration, overruling *Davis v.
> Whitaker,* 114 N. C., 279.

BROWN, J., concurring; WALKER and ALLEN, JJ., concurring in opinion of
BROWN, J.

CIVIL ACTION tried before *Whedbee, J.,* and a jury at October Term,
1917, of HERTFORD.

The purpose of the action was to declare a certain paper-writing,
hereinafter set forth, a mortgage on the lands of defendant described
therein, to secure a debt of $75, with interest due from defendant to
plaintiff and for the further purpose of foreclosing the same under the
decrees of the court. It was admitted that on 23 April, 1914, to secure
advances to enable him to cultivate his crop for said year, to the amount
of $75, defendant executed a lien on certain crops for said year therein
described and contained also the following provision:

"It is further agreed that in case said I. Norman does not make suffi-
cient crops to pay this amount of $75, that said paper is to be considered
a mortgage on Isaac Norman lands in Winton Township, Hertford
County, and bounded as follows: On north by the main road from Co-
field to Harrellsville; on east by George Keen tract; on west by I. Jerni-
gan; on south by Lilly Hicks and Mac Hall. And if by the first of No-
vember, 1914, said Isaac Norman should fail to pay said indebtedness,
then said J. A. Ely may foreclose this lien as provided in section 2054,
Revisal 1905, or otherwise, and may sell said crops and other property
after ten days notice, posted at the courthouse door and three other pub-
lic places in said county, and apply the proceeds to the payment of said
indebtedness and all costs and expenses of executing this conveyance and
to pay the surplus to said ...................

"And the said Isaac Norman hereby represents that said crops and
other property are the absolute property of Isaac Norman and free from
encumbrance with the exception of $100 lien held by S. E. Harrell & Co.,
of Cofield, N. C.

"Witness my hand and seal, this the 23d day of April, 1914.

(Signed)          ISAAC NORMAN."

It was admitted further that the crops referred to in said instrument
were all required to pay S. E. Harrell & Co., whose claim was consti-
tuted a preferred debt therein, and plaintiff alleged further that said
paper-writing was duly proved and registered and the amount advanced,
no part of which had been paid. Defendant denied that the paper-
writing was in any sense a mortgage on realty, or that he owed for
advancements to the amount claimed, and by way of further defense

alleged that there had been a breach of warranty by plaintiff in the sale of a horse advanced under the contract and to defendant's damage. Defendant claimed further that there had been no proper registration of plaintiff's paper, or that same had been recorded only in the book used and labeled for liens and chattel mortgages. It was urged by defendant, appellant, that this became material in view of the fact that a subsequent mortgagee had been made party defendant by order of court.

There was verdict for plaintiff, that there had been no warranty of a horse or breach thereof on plaintiff's part; that the amount of advancements due and unpaid was $75. Upon the verdict, the court, being of opinion that the paper-writing constituted a valid mortgage on defendant's realty described therein, and that same was properly registered, gave judgment of foreclosure and distribution of proceeds according to the liens presented and established in the suit, and defendant excepted and appealed.

*W. D. Boone* for *plaintiff.*
*R. C. Bridger* and *S. Brown Shepherd* for *defendant.*

HOKE, J. Under our decisions, the instrument in question contains a sufficient description of the property (*Patton v. Sluder,* 167 N. C., 500), and on the facts presented, the same creates a lien thereon in plaintiff's favor for the amount found to be due and unpaid, enforcible by judgment of foreclosure, the relief awarded to plaintiff on the record. Whether the paper-writing is an equitable or legal mortgage is not now of the substance, though under many recent cases with us upholding the principle that a deed should, as a general rule, be interpreted so as to affect the clear intent of the parties as expressed in the entire instrument, this would seem to constitute a regular legal mortgage, as it is declared to be in his Honor's judgment. *Jones & Philips v. McCormick,* 174 N. C., 82; *Williamson v. Bitting,* 159 N. C., 321; *Triplett v. Williams,* 149 N. C., 394; *Harris v. Jones,* 83 N. C., 318.

It is chiefly objected for appellant that, although the instrument should be properly considered as a mortgage on realty, there is a defect of registration in that the same is recorded in the book labeled and used for agricultural liens and chattel mortgages. Inasmuch as the only litigated questions thus far presented in the record or in the case on appeal are between the alleged mortgagee, plaintiff, and mortgagor, the original defendant, the case might very well be disposed of by the position that, as between these parties, the matter of a correct registration is not essential, this being now required only in reference to the rights and claims

of creditors and subsequent purchasers. Revisal, secs. 980-81-82. But as a subsequent mortgagee, admitted by defendant to hold a valid claim and lien on the property, has been made party defendant, it is well, and perhaps required, that the exception be directly disposed of that a proper distribution of the fund may be had.

An examination of this question will disclose that there are few subjects presented for consideration about which there is greater contrariety of decision than on the construction and application of the registration laws as affecting the validity of deeds and written instruments. In some of the States it is held that when the holder of the title presents the instrument to the recording officer, properly proven, and the same is received by him pursuant to the statute, the holder has done all that the law requires and his title is unaffected by mistake, etc., on the part of the officials in recording the paper. In others, the authorities are to the effect that the holder of such a paper so presenting it is charged with the duty of seeing that the same is recorded on the proper books with substantial accuracy in essentials, *i. e.,* the names of the parties, the property embraced in the instrument, and if a mortgage, the true amount of the debt—a view that seems to have been approved by our own decisions on the subject. *Smith v. Lumber Co.,* 144 N. C., 47; *Royster v. Lane,* 118 N. C., 156.

Again, there is pronounced conflict on the question whether, under statutes requiring an index and cross-index of registered instruments by the officer, this index should be considered and construed as an essential part of a completed registration. On this question much the larger number of cases hold that such an index as ordinarily expressed in the laws on the subject form no part of a valid and completed registration, but are only intended as an aid to facilitate investigation on inquiry for the true title. Our own Court so holds in *Davis v. Whitaker,* 114 N. C., 279, a case that has since been unquestioned in our decisions and which seems to be in accord with the weight of authority in other jurisdictions. *Greene v. Garvington,* 16 Ohio, 548, reported also in 91 American Decisions, p. 103, with an informing note on the questions presented here.

On the other hand, there are strong and well-reasoned opinions in authoritative courts to the effect that such an index constitutes an essential part of a completed and valid registration, and basing their decisions on the language of their registration laws and also on the reasoning that these indexes are commonly resorted to for the ascertainment of titles, and that a different ruling with the large number of books and more accumulating, would render a satisfactory examination well-nigh impossible and practically render valueless our registration laws in their

primary purpose of protecting creditors and subsequent purchasers for value. *Koch v. West,* 118 Iowa, 468; *Barney v. McCarty,* 15 Iowa, 110; *Ritchie v. Griffiths,* 1 Wash., 429, and the construction of our statute that the indexing and cross-indexing is a necessary part of a docketed judgment tends to support this position. *Dewey v. Sugg,* 109 N. C., 328.

In cases upholding this view, it is held, "That an index will hold a subsequent purchaser to notice thereof if enough is disclosed by the index to put a careful or prudent examiner upon inquiry, and if, upon such inquiry, the instrument would have been found. *Jones v. Berkshire,* 15 Iowa, 248, syllabus quoted from report of case in 83 Amer. Rep., p. 412.

Whatever may be the ultimate and correct view on these much disputed questions, we have no hesitation in holding that the instrument before us has had valid registration and will bind subsequent purchasers in the distribution of the fund. The only objection urged against it being that it is registered in a book commonly known and used for recording chattel mortgages and agricultural liens, and so labeled. It was no doubt put in that book because it also contained an agricultural lien, but, so far as we have examined, there is nothing in our legislation applicable either in case of deeds, agricultural liens, chattel mortgages or other instruments which requires that they, or any of them, should be put in any special book or one of any particular kind of description. Undoubtedly they should be put in a book recognized and used in the office for recording instruments, but there is no suggestion in this case that the instrument was not accurately recorded. The index and cross-index, properly kept, points clearly and correctly to its placing, and, to our minds, the official data are a full and sufficient compliance with our statutory requirements and serve every purpose that our laws on this subject were designed to promote. While there is diversity of ruling on this subject also, the position accords with the reasonable and correct interpretation of the statute and has the support of well-considered authority in other jurisdictions. *Fairabee v. McKerrehan,* 172 Pa. St., 234; *Swepson v. Bank,* 77 Tenn., 713; *Armstrong v. Austin,* 45 S. C., 69.

There is no error, and the judgment in plaintiff's favor must be affirmed as entered.

No error.

BROWN, J., concurring: I concur in the disposition made of this case, but I am of opinion that the case of *Davis v. Whitaker,* 114 N. C., 279, should be overruled. While it may not be absolutely necessary to overrule it on this occasion, I think it is well within our province to do so, and that the value of our registration laws, the stability of titles, and

Cox *v.* Lumber Co.

the best interests of the State demand it. I think that the indexing of deeds is an essential part of their registration, just as much so as the indexing of judgments is an essential part of their docketing, as is held in *Dewey v. Sugg,* 109 N. C., 328. The great increase in the number of record books in the register's office (in Wake County there are over 300) renders it practically impossible for a title searcher to examine the pages of every book. Unless the index is held to be a part of the registration, then mortgagees and purchasers of land can have no positively certain assurance that they are acquiring a good title.

I do not care to discuss the matter at length, but I am convinced that the best interests of the State require that we should declare at once that the indexing of a deed is a part of its registration.

I am authorized to say that Justices WALKER and ALLEN concur in this opinion.