J. A. WILKINSON ET AL. v. T. G. WALLACE.

(Filed 15 September, 1926.)

**Courts—Decisions—Renewal—Vested Rights—Supreme Court.**

> A decision of the Supreme Court holding that it is necessary that a deed to lands be properly indexed for the purchaser to acquire title against a subsequent purchaser under a properly registered and indexed deed, will not affect the title acquired under a former decision of the Supreme Court holding to the contrary, and thus divest or impair the rights under the former decision of the Court thereon.

APPEAL by defendant from *Grady, J.,* at May Term, 1926, of BEAUFORT. Affirmed.

*Small, MacLean & Rodman for plaintiffs.*
*Ward & Grimes for defendant.*

ADAMS, J. This action was brought to determine an adverse claim to the plaintiffs' land and to quiet their title, and the controversy was submitted upon an agreed statement of facts. C. S., 626, 1743. On 16 March, 1852, the State issued a grant for this land to R. W. Harrison and the plaintiffs have exhibited an unbroken chain of *mesne* conveyances which are sufficient in form to transfer to themselves the title in fee simple. William H. Davis, one of the *mesne* grantees died intestate, leaving a widow, who after her second marriage was Josephine E. Wright,· and·one child whose name was Lillie G. Davis. On 15 August, 1887, Josephine E. Wright, who was then a widow, and Lillie G. Davis, the only heir at law, conveyed the land in controversy to W. J. Bullock by a· deed which was recorded 8 September, 1887. The only index of this·deed pointed to a conveyance from "Josephine E. Wright *et al.* to W. J. Bullock": there was no index or cross-index of any conveyance by Lillie G. Davis. Bullock conveyed the land to J. A. and W. S. Wilkinson 19 February, 1906, and on 28 January, 1914, these grantees conveyed it to the Pungo Deep Soil Development Company, one of the plaintiffs. Thereafter, that is, on 7 June, 1924, Lillie G. Davis executed a deed to Thos. G. Wallace, the defendant, purporting to convey the same land. This deed was registered 14 June, 1924, and the defendant claims to be the owner in fee on the ground that the conveyance from Josephine E. Wright and Lillie G. Davis to W. J. Bullock was defectively indexed by the register of deeds. Upon the facts set out in the record the trial court adjudged that the plaintiffs are the owners of the land in question and that the defendant's possession is wrongful and unlawful. The defendant excepted and appealed.

At the session of 1876-77 the General Assembly enacted a statute requiring the register of deeds to keep full and complete alphabetical indexes of deeds and other instruments, and afterwards made his failure to do so a misdemeanor. Code, 3664; Laws 1899, ch. 501; Rev., 2665, 3600; C. S., 3561. In 1894 the provision in reference to indexing the instruments referred to was construed to mean that the filing of a deed for registration was in itself constructive notice and that the register's failure to make a proper index of the conveyance did not impair its efficacy. *Davis v. Whitaker,* 114 N. C., 279. Approximately twenty-five years afterwards this decision was overruled and it was held that the indexing of deeds is an essential part of the registration. *Fowle v. Ham,* 176 N. C., 12; *Ely v. Norman,* 175 N. C., 294. The appeal presents the question whether these latter decisions are prospective or retroactive, and if prospective whether the decision in *Davis v. Whitaker* upholds and safeguards the plaintiffs' title.

As a rule, a decision of a court of supreme jurisdiction overruling a former decision is no doubt retrospective—"not that the overruled de-

cision was bad law, but that it never was the law." To this rule there is a recognized and approved exception. It is this: "Where a constitutional or statute law has received a given construction by the courts of last resort, and contracts have been made and rights acquired under and in accordance with such construction, such contracts may not be invalidated nor vested rights acquired under them impaired by a change of construction made by a subsequent decision." *Mfg. Co. v. Hester,* 177 N. C., 609; *Fowle v. Ham,* 176 N. C., 12; *Ely v. Norman,* 175 N. C., 294; *Jones v. Williams,* 155 N. C., 179, 190; *Mason v. Cotton Co.,* 148 N. C., 492, 510; *Hill v. Brown,* 144 N. C., 117; *Hill v. R. R.,* 143 N. C., 539, 573.

The defendant, admitting that the plaintiffs' position would be strong if Bullock had acquired his title after the decision in *Davis v. Whitaker, supra,* and before the decision in *Fowle v. Ham, supra,* differentiates Bullock's position from that of Fowle and makes the point that until *Davis' case* was decided the plain language of the statute was controlling; and in effect that Bullock's status was that of a grantee in an unregistered deed. This position, in our opinion, cannot be maintained. In the *Davis case* the Court said in substance that the office of the index was to serve the convenience of those who had occasion to search the records and not to protect the party who recorded his conveyance; that the filing with the register of deeds of an instrument requiring record had the effect of registration; and that the statute directing that such instruments be indexed did not have the effect of repealing the existing law. Under the law as it then existed Bullock's delivery of his deed to the register was, for the purpose of constructive notice, tantamount to registration. *McKinnon v. McLean,* 19 N. C., 79; *Metts v. Bright,* 20 N. C., 311; *Parker v. Scott,* 64 N. C., 118. See, also, *Glanton v. Jacobs,* 117 N. C., 427, 429. If these decisions were not affected by the statute in reference to indexing, as held in *Davis v. Whitaker, supra,* and if this construction became a part of the statute itself, as held in *S. v. Fulton,* 149 N. C., 485, 487, it follows that such interpretation was a judicial declaration of the purpose, scope, and effect of the statute as it was intended to be understood when it was enacted by the Legislature, and that the title Bullock acquired in 1887 under the "existing law" was in no respect impaired by the register's failure properly to index the purchaser's deed.

We have gone very carefully into the defendant's brief but have found no convincing authority inconsistent with the conclusion herein announced. The judgment is

Affirmed.