HILL v. DALTON.

(Filed November 15, 1904).

1. BOUNDARIES—*Evidence—Processioning—Acts 1893, ch. 22.*

> The boundary lines in a junior grant are no evidence of the true line in a senior grant.

2. PROCESSIONING—*Burden of Proof.*

> In a processioning proceeding the burden of proof is on the party seeking to establish the boundary line.

ACTION by J. H. Hill against Thornton Dalton and others, heard by *Judge W. A. Hoke* and a jury, at January Term, 1904, of the Superior Court of FORSYTH County. From a judgment for plaintiff the defendants appealed.

*Watson, Buxton & Watson* and *Glenn, Manly* and *Hendren,* for the plaintiff.
*Lindsay Patterson,* for the defendant.

CONNOR, J. This is a special proceeding instituted pursuant to the provisions of chapter 22, Acts 1893, being an amendment to chapter 48 of The Code entitled "Processioning." The proceeding was begun before the Clerk, and after passing through the various stages of the litigation as prescribed by the statute reached the Superior Court by appeal. The case is distinguished from the large majority of such proceedings in that, under the wise guidance of the able counsel on both sides of the controversy, it has been successfully carried through the various and usually disastrous paths of litigation in the search after the "true line" without any suggestion of irregularity or departure from orderly procedure. The sole suggestion of this character is found in the very mild remark of the defendant at the end of his brief:

"But it may be doubted if the Clerk had jurisdiction of the controversy as constituted." Usually this comes from the party who begins the proceeding to "procession" his land and settle a "disputed line"—resulting generally in finding a large number of disputed lines and involving parties, counsel and Court in a hopeless labyrinth, the surveyor being the only person who takes profit by the controversy.

It became necessary to locate a grant issued to James McKaughn before the line in dispute could be settled. This was the senior grant. A grant junior thereto was issued to John Jacob Blum and one just south thereof to John Rights. The plaintiff claimed under this grant, "beginning at a pine, corner of the John Jacob Blum tract, thence east with line of that tract fifty-seven chains to a white-oak in the James Mc-Kaughn line, thence south," etc. The defendants are owners of adjoining tracts. His Honor submitted the following issue to the jury: "Which is the true and correct dividing line between the lands of petitioner and defendants?" The only exception necessary to be considered is to the following instruction given to the jury: "The Court further told the jury that the correct location of the James McKaughn grant being the older, the true line of that grant would determine the dividing line between the parties; that the said grant, being the older, could not be changed at all by the location of the John Jacob Blum grant which was younger, yet the location and calls of the John Jacob Blum grant if established could be considered by the jury as a circumstance on the question of whether the James McKaughn tract had been properly located as claimed by defendants." The criticism of the defendants is directed to so much of the instruction as directs the jury to consider the calls and location of the Blum grant as a circumstance in locating the McKaughn grant. It would seem that this Court has held with the contention of the defendants. In *Sasser v. Herring,* 114 N. C.,

340, the Court held it was error to charge the jury that they could consider the calls in a junior grant, when ascertained, as a circumstance taken in connection with other circumstances in ascertaining the true line of the senior grant. This decision was cited and approved in *Euliss v. McAdams,* 108 N. C., 507. The marking of a tree or placing a stone at the the time of surveying the junior grant to mark the end of a call for the line of the senior grant could have no other force or effect than the declaration of the surveyor that such marked tree or stone was in such line. In the absence of any evidence that he was dead, or that his declaration was competent under the line of decisions of this Court as cited and reviewed by *Walker, J.,* in *Yow v. Hamilton,* at this term, 136 N. C., 357, such declaration is incompetent. The exception must be sustained. The defendants except to that portion of his Honor's charge which they insist placed the burden of proof upon them. In this proceeding the form of the issue, which we think is correct, renders it difficult to say who holds the affirmative or carries the laboring oar. The purpose is to establish a disputed line. As the plaintiff is the orginal actor, it would seem that the burden is upon him to make good his contention. It is not perfectly clear that his Honor placed the burden on the defendants. For the error in the instruction there must be a

New Trial.