STANALAND v. RABON.

(Filed December 12, 1905).

*Processioning—Issue of Title—Practice.*

1. Chapter 22 of the Acts 1893 was intended to simplify the procedure in processioning cases and to afford a speedy and effective method of determining the true location of disputed lines and boundaries of lands as between their proprietors instead of requiring them to resort to an action of ejectment.

2. In a proceeding under the processioning act, Acts 1893, chapter 22, where an issue of title was raised in the pleadings, the issue thus raised should have been transferred to the Superior Court for trial, and the court erred in dismissing the proceeding.

PROCEEDING by Thaddeus W. Stanaland and others against J. W. Rabon and others, heard by *Judge G. S. Ferguson,* at the March Term, 1905, of the Superior Court of BRUNSWICK.

The proceeding was commenced before the clerk to determine boundaries under the processioning act, Public Laws 1893, chap. 22. The defendants, J. W. Rabon and wife and F. M. Rabon, denied that the plaintiffs are the owners of the land described in the complaint and also denied that there is any dispute between the plaintiffs and the said defendants as to any boundary lines. Other allegations are also denied. The clerk, on the return day of the summons, after hearing the matter, entered judgment against all the

defendants, except J. W. Rabon and wife, and F. M. Rabon, directing the lines to be run, and appointing W. W. Drew surveyor for that purpose. The latter ran the lines, after due notice, and filed his report. On the 14th day of December, 1903, the clerk heard the case and by his judgment established the lines as against all the defendants except the defendants J. W. Rabon and wife, and F. M. Rabon. The judgment as to them was without prejudice. The clerk did not pass upon the contention as to title raised in their answer, but, upon their motion, transferred the issue so raised to the Civil Issue Docket. At the Fall Term, 1904, the court remanded the cause to the clerk to hear and determine the same and render judgment in full therein as to all the parties. No exception was taken to this order. On October 31, 1904, after notice, the clerk entered his judgment, as to all the parties, establishing the boundaries. To this judgment the defendants, J. W. Rabon and wife and F. M. Rabon, excepted and appealed. The cause came on to be heard at the April Term, 1905. The said defendants by their counsel, moved to dismiss the action as to them, because there was a distinct issue of title raised in the pleadings, which could not be determined in this proceeding, but only by an action of ejectment. The counsel for petitioners stated that he was ready for trial and if allowed by the court to go to trial, the petitioners would be ready to prove their title and possession.

The court granted the motion of the said defendants and dismissed the action, for the reason, as stated in the judgment, that a distinct issue of title is raised, which cannot be settled in this cause, but only in an action of ejectment. Petitioners excepted and appealed.

*Iredell Meares* and *Davis & Cranmer* for the plaintiffs.
*John D. Bellamy* for the defendants.

WALKER, J., after stating the case: It seems to us that the

question presented in this appeal is fully covered by the recent decision in *Smith v. Johnson,* 137 N. C., 43, and that case conclusively determines the matter herein involved against the contention of the defendant. The Act of 1893, chap. 22, was evidently intended to simplify the procedure in processioning cases and to afford a speedy and effective method of determining the true location of disputed lines and boundaries of lands as between their proprietors instead of requiring them to resort to the cumbersome, and sometimes intricate and costly remedy by suit to try the title, formerly an action of ejectment. Whether the Legislature has succeeded, as yet, in accomplishing this commendable purpose, is a question which naturally addresses itself to the consideration of that honorable body. But however that may be, it cannot be doubted that if, upon a mere denial of ownership or occupation, a defendant is entitled to have the proceeding dismissed, the whole object in passing the act may be utterly defeated. If the plaintiff alleges in his petition such facts as bring his case within the provisions of the act and these essential, or material allegations are denied, the issues thus raised should be transferred to the Superior Court for trial, just as is done in other cases of special proceedings. The act in terms requires this to be done. The issues thus raised are to be tried and the cause further proceeded in according to the manner pointed out in *Smith v. Johnson, supra.* That case had not been reported, perhaps, at the time of the trial of this cause in the court below, and we presume was not brought to the attention of the court. It is closely analagous to our case and indeed is substantially the same kind of case in its facts and in the principles involved. It must therefore govern our decision in the matter presented in this record. His Honor erred in dismissing the case. The judgment will be set aside and further proceedings will be had in accordance with the law and the course and practice of the court as herein indicated.

Error.