## DAVIS v. WALL.

(Filed October 30, 1906).

*Trespass in Cutting Timber—Pleadings—Damages Recoverable—Prayer for Relief—Judgment in Processioning Proceeding—Estoppel—Exceptions—Rules—Dismissal of Appeals—Exceptions not Stated and Numbered—No Assignment of Errors—Index not at Front of Record.*

1. Where the plaintiff complains for trespass in cutting and removing timber trees from his land "to his great damage," under this allegation he is entitled to recover the value of the timber so removed, "together with adequate damages for any injury done to the land in removing it therefrom."

2. The prayer for relief is not an essential part of the complaint, and the Court will give any relief appropriate to the complaint, proofs and findings of the jury, without reference to the prayer for relief.

3. Where in an action for trespass it appears that the boundary-line between the plaintiff and defendant had been established in a processioning proceeding in which the defendant did not raise an issue of title, he is estopped by the judgment in that proceeding from denying the boundary thus determined to be the true line and from asserting title to any land beyond it.

4. A "broadside" exception "for errors in the charge" cannot be considered on appeal.

5. The appellee's motion to dismiss the appeal because (1) the exceptions are not "briefly and clearly stated and numbered" as required by the statute, Rev., 591, and Rule 27 of this Court; (2) the exceptions relied on are not grouped and numbered immediately after the end of the case on appeal as required by Rules 19 (2) and 21; (3) the index is not placed at the front of the record as required by Rule 19 (3), is allowed under Rule 20, in the expectation that appellants hereafter will conform to these requirements.

6. Ordinarily, hereafter, motions to dismiss appeals will be allowed, upon a failure to comply with the Rules of this Court, without discussing the merits of the case.

ACTION by J. D. Davis against W. H. Wall, heard by *Judge G. S. Ferguson* and a jury, at the April Term, 1906, of the Superior Court of GRANVILLE. From a judgment for the plaintiff, the defendant appealed.

*Graham & Devin* for the plaintiff.
*B. S. Royster* for the defendant.

CLARK, C. J.   The plaintiff complains for trespass in cutting and removing timber trees from plaintiff's land "to his great damage." Under this allegation plaintiff was entitled to recover the value of the timber so removed, "together with adequate damages for any injury done to the land in removing it therefrom." *Gaskins v. Davis,* 115 N. C., 85. Though paragraph 3 of the complaint puts the value of the timber at $150, and the prayer for relief is for the same amount, the latter is not an essential part of the complaint: *Wright v. Insurance Co.,* 138 N. C., 488; and the Court will give any relief appropriate to the complaint, proofs and findings of the jury, without reference to the prayer for relief. *Moore v. Nowell,* 94 N. C., 265.

In *Hammond v. Schiff,* 100 N. C., 161, where the complaint alleged damages from the falling of a wall, evidence

of damage from water used to put out fire caused by the
falling wall was held competent, *Smith C. J.,* saying that the
"rule in pleading is not so stringent as to require a special
averment of every immediate cause of the injury suffered.
The primary and efficient cause of all the injury, however
directly produced from fire or water, was the falling wall, and
this was brought about by undermining the earth near to it,
and all the consequences resulting therefrom are within the
compass of the demand for compensating damages."

The boundary-line between the plaintiff and defendant
had been established in a processioning proceeding, and the
defendant admitted that he had cut and removed the trees
from land lying on the plaintiff's side of said boundary-line.
It is true that a processioning proceeding is for a settlement
of a boundary-line, title not being involved; but if the
defendant therein denies the title of the plaintiff, as well as
the location of the boundary-line, upon the issue of title thus
raised the case would have been transferred to the Superior
Court at term for trial, and tried as if the action had been
originally brought in that Court, just as when an issue of
title is raised in proceedings in partition. *Smith v. John-
son,* 137 N. C., 43; *Stanaland v. Rabon,* 140 N. C., 202.
Not having raised such issue, the defendant is estopped
by the judgment in that action from denying the boundary
thus determined to be the true line and from now asserting
title to any land beyond it. *Parker v. Taylor,* 133 N. C., 103.

The "broadside" exception "for errors in the charge" can-.
not be considered on appeal. *Sigmon v. Railroad,* 135 N. C.,
184, where it is said: "It admits of some surprise that an
exception in such terms should still appear in any case sent
to this Court."

The plaintiff moves to dismiss because: (1) The excep-
tions are not "briefly and clearly stated and numbered" as
required by the statute, Rev., 591, and Rule 27 of this Court.
(2) The exceptions relied on are not grouped and numbered

immediately after the end of the case on appeal as required by Rules 19 (2) and 21, 140 N. C., 660. (3) The index is not placed at the front of the record as required by Rule 19 (3), 140 N. C., 660.

Under Rule 20, one of the alternatives is to dismiss the appeal, and the motion is allowed, in the expectation that appellants hereafter will conform to these requirements. *Sigmon v. Railroad,* 135 N. C., 182, and cases cited. Ordinarily, hereafter, such motions will be allowed, upon a failure to comply with the Rules of this Court, without discussing the merits of the case as we have done in this instance.

Appeal Dismissed.

CONNOR and WALKER, JJ., concur in result.