WOODY *v.* FOUNTAIN.

(Filed November 13, 1906).

*Processioning Proceeding—Pleadings—Practice—Possession—Title—Boundary—Burden of Proof.*

1. In a processioning proceeding under Rev., secs. 325-6, to establish a boundary-line, where the defendant denied the plaintiff's title and pleaded both the twenty years' and seven years' statutes as a defense, the Clerk, under Rev., sec. 717, should "transfer the cause to the civil-issue docket for trial during the term upon all issues raised by the pleadings"—in this case, both the issues of boundary and title.

2. In a processioning proceeding, the provision in Rev., sec. 326, that occupation of land constitutes ownership for the purpose of establishing boundary, applies only where the answer does not deny the boundary, or denies only the boundary; but where the denial extends to the plaintiff's title also, and the case is transferred to the term of Court for "trial on all the issues raised" (Rev., sec. 717), the action becomes substantially a civil action to quiet title, and it

devolves upon the plaintiff to make out his title as well as his boundary, and possession ceases to be sufficient proof of ownership.

3. In a processioning proceeding, where the cause has been transferred to the Court at term, an instruction to the jury that "if they should find from the greater weight of evidence that the original and true line between the plaintiff and defendant is as claimed by defendant, then you will answer this issue (as to boundary) in his favor," was erroneous, as the burden of proof was on the plaintiff to establish the line.

ACTION by Mildred I. Moody against Griffin Fountain, heard by *Judge Fred Moore* and a jury, at the August Term, 1906, of the Superior Court of PERSON. From the judgment rendered, the defendant appealed.

*William D. Merritt* for the plaintiff.
*Kitchin & Carlton* for the defendant.

CLARK, C. J. This was a special proceeding under Revisal, 325, 326, to establish the boundary-line between the plaintiff and defendant. These sections provide that the owner of land may file a petition stating the facts constituting the location of the line claimed by him; that if this is not denied, the Clerk shall enter judgment establishing the boundary as alleged in the petition, but if denial of the location is made in the answer the Clerk shall cause the line to be surveyed according to the contention of both parties, and after the surveyor's report and map are filed, the Clerk shall hear the cause and render judgment determining the boundary, and if an appeal is taken "the Clerk shall certify the issues raised before him to the next term of the Superior Court for trial by jury *de novo.*" This was the Act of 1893, and while designating this a special proceeding and providing that the procedure, except as therein modified, "shall, in all respects, be the same" as in other special proceedings, marks out the procedure only when there is no denial of plaintiff's allegations, or a denial as to location of his bound-

ary only. But the later Act of 1903, ch. 566, now Revisal, 717, provides further that in all "special proceedings it shall be competent for any defendant to plead any equitable or other defense, or ask any equitable or other relief in the pleadings which it would be competent to ask in a civil action; and when such pleas are filed the Clerk shall transfer the cause to the civil-issue docket for trial during the term upon all issues raised by the pleadings."

In this case the defendant denies the plaintiff's allegation that she is "owner in fee," and pleads both the twenty years' and seven years' statutes as a defense. It is true that under Revisal, 326, "occupation of land constitutes sufficient ownership for the purpose of that section," *i. e.,* establishing boundary. That would be sufficient when the answer does not deny the boundary or denies only the boundary. But the Act of 1903, now Revisal, 717, authorizes the defendant, in any special proceeding, to plead any defense which he might do in a civil action. The defendant has denied the plaintiff's title. It would be a vain thing indeed to go on to establish a boundary when the title is controverted. It would be equally a hardship to turn the plaintiff out of court merely because the defendant has denied his title as well as boundary, and "the whole object in passing the act may be utterly defeated." *Stanaland v. Rabon,* 140 N. C., 204. · Indeed, such course would discourage these proceedings, which should rather be encouraged, that, when possible, boundary-lines may be readily settled with small cost and delay. The simpler plan, now that both parties are already in court and know each other's contention, is, as the statute has now provided, Revisal, 717, "when such pleas are filed the Clerk shall transfer the cause to the civil-issue docket for trial during the term upon all the issues raised by the pleadings," *i. e.,* in this case both the issues of boundary and title. Instead of turning the plaintiff out of court to begin anew by an action of ejectment, or doing

the vain thing of trying a boundary, when the title of plaintiff is denied, the statute simply converts the pending special proceeding into a civil action to quiet title. It is true, as held in *Hill v. Dalton,* 140 N. C., 9, that in a "proceeding for processioning the question of title does not arise." But that applies in cases where the nature of the action is not changed by a plea arising on issue of title.

This is analogous to a special proceeding for partition in which, if the allegation of ownership is not denied, the lines laid out are an adjudication between the parties, subject only to a change of the dividing lines on appeal, but after judgment the partitioners are estopped to deny each other's title. Partition is a proceeding to establish boundary-lines, but if title is not denied, the judgment cannot be impeached by a party for defect of title, and if title is denied in the answer the cause is transferred to the Superior Court and "becomes substantially an action of ejectment and subject to all the rules of law applicable to such trials." *Alexander v. Gibbon,* 118 N. C., 796; *Huneycutt v. Brooks,* 116 N. C., 788; *Purvis v. Wilson,* 50 N. C., 20; *Bullock v. Bullock,* 131 N. C., 29.

This is the same view which this Court has taken of this special proceeding "to establish boundary"—commonly called "Processioning"—in all the decisions since the Act of 1903, ch. 566, now Rev., 717. At the next term (August, 1903), in *Parker v. Taylor,* 133 N. C., 103, the Court stated that the purpose of the act is to furnish a cheap and speedy mode of establishing a boundary "between adjoining proprietors who do not question each other's title to their respective tracts," but that, like a special proceeding in partition, "if an issue as to title is raised by the answer," the cause should be "transmitted to the Court at term, thenceforward to be proceeded in as if originally brought to determine the issue of title as in an action of ejectment." That case is cited as authority in *Smith v. Johnson,* 137 N. C., 43. In *Stanaland v. Rabon,*

140 N. C., 202, it was held that in a special proceeding under
the processioning act, when an issue as to title is raised in the
pleading, the cause should be transferred to the Court at term
for trial, and that the Court erred in dismissing the proceed-
ing. In *Davis v. Wall,* at this term, 142 N. C., 450, the above
three cases are cited, and it is said: "It is true that a proces-
sioning proceeding is for a settlement of a boundary-line, title
not being involved, but if the defendant therein denies the
title of the plaintiff as well as the location of the boundary-
line, upon the issue of title thus raised the case would be
transferred to the Court at term for trial and tried as if the
action had been originally brought to the term of Court, just
as when an issue of title is raised in proceedings for parti-
tion."

The practice is thus simple and is well settled, and con-
forms to the statute, Rev., 717, and to the practice in all other
special proceedings. By the denial of the allegation in the
complaint that the plaintiff is "owner in fee," the action be-
came in effect a civil action assimilated to an action to quiet
title, Act 1893, ch. 6, now Revisal, 1589, and should have
been tried at term according to the practice and rules govern-
ing such trials. There is no formal order in the record trans-
ferring the issues for trial at term, but it was in fact trans-
ferred, since it was tried there, and if objection had been
made on that account, the Clerk was in the court-room and the
Judge could and would have ordered an amendment *nunc
pro tunc* to perfect the record.

The first issue was, "Is the plaintiff the owner and in pos-
session of the tract of land described in the complaint?" His
Honor erred in instructing the jury that "If they believed the
evidence you will answer the first issue 'Yes.'" He was doubt-
less misled by the provision in Revisal, 326, that "Occupation
of land constitutes ownership for the purpose of this section."
But, as we have seen, "the purpose of that section" is to "set-

tle a boundary," when there is no denial in the answer, or the denial is merely of the location thereof. But when the denial extends to plaintiff's title also, and the case is transferred to the term of Court for "trial on all the issues raised," Rev., 717, the action becomes substantially a civil action to quiet title, Rev., 1589, and is governed by the rules appertaining thereto. It devolved upon the plaintiff to make out his title as well as his boundary, and possession ceased to be sufficient proof of ownership when ownership was denied.

His Honor also erred in instructing the jury that "If they should find from the greater weight of the evidence in this case that the original and true line between the plaintiff and defendant is as claimed by defendant, then you will answer this issue (as to boundary) in his favor." This was, in effect, telling the jury that the issue could not be answered in the defendant's favor, unless they found the greater weight on his side. The burden of proof is on the plaintiff to establish the line contended for by her. *Hill v. Dalton,* 136 N. C., 339; *s. c.,* 140 N. C., 9.

There are other errors, but we need not consider them, as they are not likely to occur again when the case goes back to be tried, "as if it were an action to quiet title originally brought to the term of Court." *Parker v. Taylor,* 133 N. C., 103; *Davis v. Wall,* 142 N. C., 540.

The special proceeding for "processioning" is and will remain a cheap and speedy method of settling a boundary where only the boundary is in question, and should be encouraged. When an issue of title is raised by the answer, instead of throwing the costs upon the plaintiff and forcing him to bring a new action to term-time, the case being already in the Superior Court before the Clerk, the statute converts it into an action to quiet title and transfers it to the term of Court for trial, to the economy of time and expense.

Error.

WALKER, J. I concur in the conclusion of the Court, and also in its opinion, to this extent: It seems to me that in processioning proceedings, unless perhaps both parties claim under a paper title, it will be difficult, if not impossible, to confine the investigation required to the mere location of the dividing line. When both parties claim by right of possession, or one by a paper title and the other by adverse possession, it will become necessary in the large majority, if not all, of the cases, to ascertain the nature and extent of the possession and, even in the case of a claim under a paper title, the true location of corners and of other boundaries, as preliminary to the location of the dividing line which is in dispute. So that it may, speaking generally, be safely said that the title to the land is not involved in such a proceeding, but that means that it is not directly involved, for in many cases, as we have already shown, it may become incidentally one of the questions or issues in the case, which must be decided before the main issue, as to the location of the dividing line, can be determined. The illustration put by the *Chief Justice* is an apt one. I refer to the case of a partition proceeding. There the question of title is not necessarily involved, but it may become necessary upon a plea of sole seisin to determine first how the parties stand with reference to the title, before deciding whether they are tenants in common and entitled to partition. It is a preliminary question which must be settled before the relief prayed can be granted. A partition proceeding will very often run into an action of ejectment, and the same may be said of a processioning proceeding. In the latter case, the ownership of the land on either side of the alleged disputed line, which is a prerequisite to the right of having the land processioned, cannot always be determined by mere occupancy, but often will require an investigation of the title, as in other cases where the issue is not primarily involved.