JOHN C. GREEN v. E. E. WILLIAMS.

(Filed 26 February, 1907).

1. **Processioning—Controversy Real—Title Involved—Ejectment—Sufficiency of Petition.**—When the petition and answer in a proceeding for processioning show that the controversy is real and that the parties are in possession of the lands, claiming them as their own, concerning which the boundary-line is in dispute, it is error for the Court below to dismiss the proceeding for want of sufficient allegation in the petition, and to try the case as an action of ejectment merely, although the title to land may have become involved incidentally.

2. **Processioning a Matter of Right.**—Where there is a dispute between adjoining proprietors in possession of land as to the true dividing boundary-line, either of them, under a proper petition and by regular proceedings, may have, as a matter of right, such line processioned under sections 325 and 326 of Revisal 1905.

3. **Processioning—Evidence Sufficient.**—A map made by the surveyor appointed in the proceedings for processioning put in evidence to support petitioner's contention as to the true line, and the evidence corroborating it, with such matters as tend to show inaccuracies of surveys and measurements, should be submitted to the jury under proper instructions from the Court below.

4. **Burden of Proof.**—The burden is upon the petitioner to establish his contention as to the true boundary-line.

CIVIL ACTION, tried before *Shaw, J.,* and a jury, at November Term, 1906, Superior Court of CRAVEN County. Judgment for defendant, from which plaintiff appealed.

This is a proceeding for the purpose of having the lands of the petitioner and the defendants processioned and the dividing line separating them ascertained. The case was heard only as to the defendant E. E. Williams, no judgment being prayed as to the other two defendants. The plaintiff alleged that he owned a lot in New Bern, fronting 20 feet on Craven Street and extending back, with that width, 107 feet and 3 inches, and lying between the lot of the defend-

GREEN *v.* WILLIAMS.

ant E. E. Williams and that of the defendant Daniels, and
that the boundary-line between his lot and that of Williams

is in dispute.　The defendant Williams denied the plain-
tiff's ownership, but admitted his possession of the lot he

claims to own. The Clerk ordered a survey to be made by A. Cheney, who surveyed the lots and filed a plat showing the true dividing line to be as contended by the plaintiff. The defendant excepted and appealed.

At the trial in the Superior Court, the surveyor was introduced by the plaintiff, as a witness, and testified that he started at an established corner at the west intersection of Pollock and Middle Streets and measured along the line of Pollock Street and then along the line of Craven Street, and in that way, and by other methods detailed by him, he located the true line as described in the plat, which agreed with the plaintiff's claim.

H. A. Brown testified that his father, who was city engineer and is now dead, showed him the corner at Pollock and Middle Streets.

It is unnecessary to recite more of the evidence, which was quite lengthy. At the close of the testimony, the Court, on motion of the defendant, dismissed the proceeding, and the plaintiff appealed.

*Moore & Dunn* and *Ernest M. Green* for plaintiff.
*W. D. McIver* for defendant.

WALKER, J., after stating the case: It is suggested in the brief of the defendant's counsel that the Court held the petition insufficient to sustain the proceeding as one for processioning the land, and tried the case as an action of ejectment. We think this view of the matter was erroneous, as the petition states facts sufficient to entitle the petitioner to proceed under secs. 325 and 326 of the Revisal (Acts of 1893, ch. 22). The petition and the answer clearly show that there is a real and, indeed, a serious dispute between the parties as to the true location of their dividing line.

We are also of the opinion, without reviewing the facts

in the case, that there was sufficient evidence to carry the case to the jury. Where there is to be another trial, it is better not to discuss the merits of the case or to comment upon the testimony further than is necessary to decide that there is some evidence for the consideration of the jury. The testimony of the surveyor, A. Cheney, and of the witness Brown, who is also a surveyor, was of such a character that the jury might reasonably decide therefrom as to the position of the true line dividing the one lot from the other. Whether the witnesses started at the right corner and accurately measured the intervening street lines and city lots, and whether in other respects they proceeded correctly, are questions for the jury to pass upon, under instructions from the Court, the burden being upon the plaintiff. *Hill v. Dalton,* 136 N. C., 339.

The entire case is now constituted in the Superior Court by the defendant's appeal, and all controverted matters can be there tried and determined. We forbear to reopen the question as to the method of procedure in such cases, for that matter has recently undergone exhaustive discussion, and the practice, we think, has been settled. *Parker v. Taylor,* 133 N. C., 103; *Hill v. Dalton,* 136 N. C., 339 (*s. c.,* 140 N. C., 9); *Smith v. Johnson,* 137 N. C., 43; *Stanaland v. Rabon,* 140 N. C., 204; *Davis v. Wall,* 142 N. C., 450; and *Woody v. Fountain* (at the last term).

Our processioning act is similar in some respects to the "writ of perambulation" at common law, which is sued by consent of *both* parties, when they are in doubt as to the bounds of their respective estates, and is directed to the Sheriff, who is commanded to make the "perambulation" with a jury, and to set the bounds and limits between them in certainty. Fitz Nat. Brev., 133. There it was done by consent of the parties, and when there was no dispute as

to the title, and none as to the right to occupy the adjoining tenements, while with us, either of the adjoining proprietors, where a dispute as to the true dividing boundary has arisen, is entitled to have the land processioned, without the other's consent, and even when the question of title may become incidentally involved, and then all controverted matters, where there has been an appeal, are settled by the jury under the guidance of the Court.

There was error in the ruling of the Court, for which a new trial is ordered.

- New Trial.