BROWN, J., dissenting; HOKE, J., concurring in the dissent.
The appellee moves to dismiss because the appellant has failed to comply with Rule 19 (2) of this Court. That rule prescribes:
"19 (2) Exceptions grouped. — All the exceptions relied on, grouped, *Page 343 
and numbered, shall be set out immediately after the statement of the case on appeal." And Rule 20 authorizes a dismissal of the case, if this rule has not been complied with.
It is immaterial whether the assignment of errors precedes or follows the judge's signature to the case on appeal. What is required is that the appellant shall go through the case on appeal, and select such exceptions as he intends to rely on, and group them at the end of case on appeal. The assignment of errors may, but most often does not, embrace all the exceptions taken on the trial. The assignment of errors are thus something distinct and separate from the exceptions taken on the trial. They embrace all the points, duly taken as exceptions, which the appellant thus notifies the appellee and the appellate court that he intends to rely upon. It thus embraces such exceptions taken during the trial, which were duly noted, and which he intends to rely upon, and also the exceptions to the charge, which are not required to be noted at the time, and in addition, if the appellant thinks proper, the exceptions that the court had no jurisdiction, and that the complaint did not state a cause of action.
The object of this rule, which was adopted, after the fullest consideration by the Court is (1) that the counsel on the other side may be notified exactly what propositions he will be called (421) upon to debate, and may prepare himself accordingly. When, as is often the case, many of the exceptions are dropped, this enables counsel on both sides to better prepare themselves to discuss the real points in controversy. (2) It enables the Court to see at a glance, by turning to the assignment of errors what propositions of law are presented, and to grasp the case much more quickly.
The rule is a most reasonable one, and the Court has repeatedly enforced it and expressed its intention to rigidly adhere to it. Nothing could be more arbitrary than a principle or rule which should be enforced against some litigants and not as to others.
In addition to Rule 19 (2) above quoted, Revisal, 591, requires the appellant to "state separately, in articles numbered, the errors alleged." Rule 27 of this Court requires that the exceptions shall be "briefly and clearly stated, and numbered." This Court in Davis v. Wall, 142 N.C. 450, allowed a motion to dismiss for failure to comply with the above requirements, and added: "The motion is allowed in the expectation that appellants hereafter will conform to these requirements. Sigmon v. R. R.,135 N.C. 182, and cases cited. Ordinarily, hereafter, such motions will be allowed, without discussing the merits of the case, as we have done in this instance."
In Marable v. R. R., 142 N.C. 564, Walker, J., said: "The defendant moved in this Court to dismiss the appeal under Rule 20, for failure to *Page 344 
comply with requirements of Rule 19. A similar motion was made at this term, based upon substantially the same grounds, in Davis v. Wall, ante, 450, and we enforced the rules to the extent of dismissing the appeal in that case. We again specially direct the attention of the profession to those rules and their decision, as being very proper for their careful consideration when preparing cases on appeal."
In Lee v. Baird, 146 N.C. 361, the same motion was made as in this case, and Hoke, J., very carefully and fully affirmed the right of the Court to prescribe rules, the necessity of the rules in question, and held, as had been repeatedly held before, that the rules of the Court were mandatory and not directory. We can add nothing to what was (422) there so clearly stated. The appeal in that case was dismissed.
In Thompson v. R. R., 147 N.C. 412, the same rules 19, 19 (2), 20, 27, and Revisal, 591, were again fully discussed by Hoke, J., and the appeal was dismissed.
In Ullery v. Guthrie, 148 N.C. 418, the same rules were discussed and the Court said, "This is a reasonable and just rule, which obtains doubtless in all appellate courts, and is the result of experience which has shown the benefit of thus indicating at a glance to opposing counsel, and the Court as well, the propositions of law which will be debated. It imposes no burden on the appellant, thus to sift out of the numerous exceptions, taken out of abundant caution on the trial, those which he will rely upon, and discuss upon appeal. We can add nothing to what has been said by this Court, in Lee v. Baird, 146 N.C. 362. It is indispensable in all courts that there should be some rules of practice, else there will be hopeless disorder and confusion. It is, for the same reason, not so important, what the rules are as that the rules, whatever they may be, shall be impartially applied to all, and that changes shall be prospective, by amendment to the rules, and not retroactive by granting exemption to some, which has been denied to others."
In Smith v. Manufacturing Co., 151 N.C. 261, Walker, J., says: "We must insist upon a strict compliance with the rule, which requires anassignment of the errors relied on in this Court. It is a most reasonable rule, because the appellant is thereby notified of the specific matters which will be involved in the appeal; it enables counsel to prepare their case with greater ease, eliminating all immaterial questions; and, lastly, but by no means the least of all, it places before the Court in condensed form the entire case, so that we can more readily understand the argument of counsel and consider the case more intelligently as the discussion before us progresses. But it is sufficient to say that it is the rule of this Court, which was adopted after mature consideration, and is far less drastic or exacting in its requirements than similar provisions in other appellate tribunals, where even an assignment of errors, strictly *Page 345 
conforming to our rule, would not be tolerated for a moment. We have more than once held, with some degree of emphasis, that this, as well as the other rules of the Court, will be enforced, reasonably (423) of course, but according to their plain intent and purpose. In this case it seems that the appellant failed to comply with the rule, which requires the errors, which were pointed out by exceptions taken during the course of the trial, to be grouped and numbered, or assigned in an orderly manner. We are, therefore, not permitted to consider the able and carefully prepared brief of appellant's counsel, or to enter upon a consideration of the case upon its merits. It is our duty, though, under the statute, to examine the record. We have done so, and find no error therein. The appellee moved to affirm the judgment, under the rule as construed by this Court, in Davis v. Wall, 142 N.C. 450; Marble v. R. R., ibid., 564; Leev. Baird, 146 N.C. 361; Thompson v. R. R., 147 N.C. 412; Ullery v.Guthrie, 148 N.C. 417. As the case is now presented to us, we must allow the motion, and affirm the judgment."
In Pegram v. Hester, 152 N.C. 765, the same motion was made because "there is no assignment of errors in the record" and the Court, quoting, at length, from the opinion of Walker, J., in Smith v. Manufacturing Co.,151 N.C. 261, and citing other cases, affirmed the judgment on that ground. The same action has been taken per curiam in several other cases, including one other at this term. In the present case, in the printed record, which is somewhat more condensed than the manuscript record, exception 1 appears on page 9, exception 2 on page 15, exceptions 3 and 4 on page 16, exceptions 5, 6 and 7 on page 17, and exception 8 on page 18. There is no assignment of errors at the end of the case, either before or after the judge's signature (which would be immaterial), thus showing neither to the opposite counsel or to this Court which of the exceptions will be relied upon. Indeed counsel frankly admitted that the rule had not been complied with. It is impossible to distinguish this case from those above cited, and from the cases in which the same action has been taken by a per curiam
decision. As was said in Ullery v. Guthrie, 148 N.C. 418, "It is not so important what the rules are, as that the rules, whatever they may be, shall be impartially applied to all."
As was said by Walker, J., in Smith v. Manufacturing Co.,151 N.C. 261, our rule, "which was adopted after mature (424) consideration, is far less drastic or exacting in its requirements than similar provisions in other appellate tribunals, where even an assignment of errors, strictly conforming to our rule, would not be tolerated for a moment." We have procured the rules from other courts, and upon examination of them find that this is strictly true. *Page 346 
In the United States Supreme Court the rule prescribes "a specification of the errors relied upon, which, in cases brought up by writ of error, shall set out separately and particularly each error asserted, and intended to be urged; and in cases brought up by appeal, the specification shall state, as particularly as may be, in what the decree is alleged to be erroneous. When the error alleged is the admission or rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected. When the error alleged is in the charge of the court, the specification shall set out the part referred to, totidem verbis, whether it be instructions given or instructions refused. When the error alleged is in a ruling upon the report of a master, the specification shall state the exception to the report and the action of the court upon it."
Almost the same rule in the same words is required in the United States Circuit Court of Appeals at Richmond, and also in the other United States Circuit Courts of Appeals. And rules to the same effect have been found upon examination to obtain in nearly all of our sister States.
The usual rule in other States is either in the exact language or to the same purport as the following rule expressed by the Supreme Court of Connecticut. "In every writ of error there must be a special assignment oferrors, in which the precise matters of error or defect in the proceedings in the court below, relied on as grounds for reversal, must be set forth. No others will be heard or considered by the Court."
Upon examination of the record proper, we find no error, and in accordance with the rules of this Court and the uniform action of this Court as set out in the cases above cited we must grant the motion to affirm the judgment. It admits of a mild surprise that after the above clear exposition of the rule, made in so many cases, and so (425) clearly stated, with the intention of the court so firmly expressed and so repeatedly, to enforce the rule, that any case should again be brought to this Court without an assignment of errors as required.
Affirmed.