This was an action brought originally before the clerk under the Processioning Act (Rev., sec. 326) to establish a boundary *Page 169 
line. The issue of title being raised by the answer, the cause was properly transferred for trial to the Superior Court at term. Smith v. Johnson, 137 N.C. 43; Stanaland v. Rabon, 140 N.C. 202; Davis v. Wall, 142 N.C. 452;Woody v. Fountain, 143 N.C. 69; Green v. Williams, 144 N.C. 63.
The first exception is that the judge refused to permit the plaintiff to introduce in evidence a deed from Absher to Brown, executed in December, 1859, as a part of the plaintiff's chain of title, on the ground that it was not recorded till after the commencement of the action. The exception is well taken.
While it is unquestionably true that the plaintiff must have title at the commencement of the action as well as at the time of the trial (Burnettv. Lyman, 141 N.C. 501), it is not indispensable that the deed should be recorded at the commencement of the action. The delivery of the deed conveys the title, which will be perfected by registration. It is well settled that the plaintiff in ejectment may recover upon an equitable title, though it was otherwise on the law side of the docket under the former system of procedure. Condry v. Cheshire, 88 N.C. 375, and numerous cases approving that case cited in the Anno. Ed., among them Taylor v.Eatman, 92 N.C. 610; Geer v. Geer, 109 N.C. 682; Arrington v.Arrington, 114 N.C. 118. In Respass v. Jones, 102 N.C. 11, the Court says, citing Condry v. Cheshire, supra: "After the execution and delivery of a deed the estate passes out of the grantor and vests in the grantee, to be legally perfected by registration. If, before registration, the deed is lawfully destroyed, such loss or destruction does not restore the estate to the grantor (Dugger v. McKesson, 100 N.C. 1)," adding that, though "the legal estate is not perfected till registration, when (208) registered it relates back to its date of execution," citing McMillanv. Edwards, 75 N.C. 81, and other cases. See, also, Phillips v.Hodges, 109 N.C. 251.
Chapter 147, Laws 1885, now Revisal, 980, contains no limitation as to the time when a deed shall be registered. It simply provides that it shall not be valid against purchasers or creditors, except from the registrationthereof. Cozad v. McAden, 148 N.C. 11; Halyburton v. Slagle, 130 N.C. 484.
It is true that the instrument must be probated and registered to be competent as evidence of title. Jennings v. Reeves, 101 N.C. 450, which quotes with approval Phifer v. Barnhardt, 88 N.C. 333, and Walker v.Coltrane, 41 N.C. 79, that "it is an error to say that an unregistered deed conveys only an equity. It is a legal conveyance, which, although it can not be given in evidence until it is registered, and is, therefore, not a perfect legal title, yet has an operation as a deed from its delivery." The doctrine laid down in Phifer v. Barnhardt, supra, is affected by *Page 170 
the act of 1885, ch. 147, now Revisal, 980, to this extent only, that a junior registered deed is valid from its registration in priority to a senior deed which is registered later.
His Honor's action was based upon the ruling in Morehead v. Hall,132 N.C. 122, which is not in point. In that case, when the action was begun the grant from the State, issued in 1765, through which the plaintiff claimed, not only had not been registered, but could not have been legally registered at that time. Therefore, the plaintiff could have no title when he began his action. A subsequent act authorized the registration of the grant which at the time of the trial had been registered, but the Court held that the registration could not relate back prior to the passage of the act and validate a cause of action which did not exist when summons issued. Here the deed from Absher to Brown was valid as between them without registration and could have been recorded at the time the action was begun. When it was registered it related back to the delivery of the deed. The only exception to the effect of such relation back would be as to purchasers claiming under the same chain of title, or creditors.
(209) It has been not uncommon practice, as the profession knows, that when a deed offered in a chain of title has not been registered, and, therefore, can not be admitted in proof, for the parties to probate it then and have it registered during the trial. Among many cases in which this has been recognized are Cawfield v. Owens, 129 N.C. 286;Cook v. Pittman, 144 N.C. 531. This is sometimes done after trial begun, during a recess of the court, and there have been instances where the presiding judge, to prevent a defect of justice, in his discretion has granted the parties time to go down to the clerk's office to probate the deed and have it registered that it may be offered in evidence.
In this case the plaintiff had already introduced a grant from the State to Eli Brown, dated October, 1846, and duly registered. He could therefore have shown seven years' possession under color. Gilchrist v. Middleton,107 N.C. 663. The deeds from Eli Brown to Absher in 1855 and of Absher to Elijah Brown in 1859, and the deed from the latter's executors in 1862, recorded in 1885, were competent to show color of title. In Janney v.Robbins, 141 N.C. 400, it is held that the principle under our present registration law (1885, ch. 147, now Revisal, 980), that an unregistered deed does not constitute color of title, does not extend to a claim by adverse possession held for the requisite time under a deed foreign to the title under which the opposite party claims. It is true that the plaintiff did not offer proof of possession, but he was excluded from offering the above deeds and from showing that they covered the locus in quo.
The plaintiff offered to introduce in evidence a deed from the executors *Page 171 
of Elijah Brown to himself for the locus in quo executed in 1862 and registered in 1885. The court refused to admit the same because the record of the certificate of the justice of the peace had omitted the signature of the justice. The certificate as recorded was as follows:
I, F. M. Adams, a justice of the peace, do certify that James W. Brown, the subscribing witness to the foregoing deed of conveyance, came before me this day and maketh oath in due form of law that he saw the foregoing deed signed and delivered in his presence.
Given under my hand and private seal, this 15 April, 1885.
North Carolina — Wilkes County. (210)
The foregoing certificate of F. M. Adams, a justice of the peace of Wilkes, is adjudged to be correct. Let the said deed, with these certificates, be registered.
Filed 15 April, 1885, and registered.
The plaintiff then offered the deed itself to show that the justice had actually signed the certificate, and insisted that the register of deeds should then and there make the correction in the record. His Honor refused to admit the record or the deed itself, though he inspected the deed and saw that the justice of the peace had signed the certificate of probate.
The exceptions to the above refusals constitute the second and third assignments of error, and, we think, are well taken. The name, "F. M. Adams, a justice of the peace," is written in the certificate, though it is not subscribed at the end thereof, and the certificate of the clerk adjudges that the certificate of "F. M. Adams, a justice of the peace," is correct. Under the maxim, "Omnia presumuntur rite esse acta," the certificate is valid. Kidd v. Venable, 111 N.C. 535; Etheridge v.Ferebee, 31 N.C. 312. Revisal, 1002, does not expressly require the certificate by the justice to be subscribed by him, but provides that the form therein given shall be "in substance." The justice's name is written in the first line and the clerk has duly adjudged the certificate to be correct. It has been often held that a will need not be subscribed by the testator, but it is sufficient if his name is written in the body thereof in his own hand, the execution in other respects being duly proven. The probate of a deed is a judicial act, and the presumption is that the probate and registration are correct. Cochran v. Improvement Co.,127 N.C. 386.
In Health v. Cotton Mills, 115 N.C. 202, the certificate recited that the deed had been duly proven, and the attestation clause recited that the deed was duly signed, sealed and delivered. The registration thereof did not show a copy of the seal nor any device representing it, but the *Page 172 
court held that if the record represented on its face in another way, as by recitals or otherwise that the deed was sealed and it was in fact duly sealed, this was sufficient.
(211) Besides, the order of the clerk for the registration of the deed was a continuous order, and it was the duty of the register to act at any time till the deed should be fully recorded. Sellers v. Sellers,98 N.C. 13, in which Merrimon, J., says that " a re-registration of the deed was unnecessary. If the register fails at first to completely execute the order of registration, it continues in force and is mandatory until it is completely executed, and it continues to be the register's duty to execute it until he has completely done so. If he find he has by inadvertence omitted a word, a sentence, a paragraph, or a scroll representing a seal, we think he might, in good faith, complete the registration in these respects. Of course, he could not have authority to interpolate anything that was not in the deed or other instrument at the time the probate was made."
The court further erred in excluding the original deed when offered to show that the certificate was in fact duly signed by the justice of the peace. Strain v. Fitzgerald, 130 N.C. 600; Smith v. Lumber Co., 144 N.C. 47;Edwards v. Supply Co., 150 N.C. 175; Royster v. Lane, 118 N.C. 156.
The fourth exception is to the refusal of the court to permit the plaintiff to show that the locus in quo was embraced in the grant and in the deeds above shown. Upon this refusal the plaintiff excepted and took a nonsuit. The validity of the last exception depends, of course, upon the other three. The defendant moved to dismiss the appeal upon the ground that the nonsuit was not justified in that state of the case; that the plaintiff should have gone on and offered evidence of possession under the deed. But as his claim of title and proof that his deeds covered the locus in quo had been rejected, evidence to show possession would have been useless.
Error.
Cited: Whitaker v. Garren, 167 N.C. 661; Thompson v. Lumber Co.,168 N.C. 229; Herbert v. Development Co., 170 N.C. 625; Rhodes v. Ange,173 N.C. 27. *Page 173 
(212)