EDGAR RHODES v. JOE ANGE ET AL.

(Filed 21 February, 1917.)

### 1. Processioning—Title—Issue—Pleadings—Evidence.

While in proceedings to procession land the title thereto is not directly involved, it may become incidentally one of the questions or issues in the case raised by the pleadings or the facts therein which must be decided before the main issue as to the location of the true dividing line can be determined.

### 2. Same—Adverse Possession.

In proceedings to procession land, where the defendant claims he has been in adverse possession up to the location of the line he claims, with

supporting evidence, which the plaintiff disputes, an instruction is proper that the jury consider the possession of the respective parties, with respect to the disputed line, as evidence to determine its location; and if the defendant's adverse possession for twenty years or more up to that line was sufficient, it should be found in accordance with his contention.

**3. Processioning—Surveyor—Conduct of Parties—Evidence.**

> Testimony of the surveyors and the conduct of the parties as to the location of the disputed line between adjoining owners in proceedings to procession it does not necessarily establish it, but is only evidence thereof.

CIVIL ACTION, tried before *Allen, J.,* and a jury, at September Term, 1916, of MARTIN.

This is a proceeding brought to procession land and to determine the dividing line between lands of the parties, under Revisal, ch. 101, and it is so designated in the pleadings.

There was a verdict for the plaintiff, and from the judgment therein the defendant Ange appealed.

*A. R. Dunning for plaintiff.*
*S. J. Everett for defendant.*

WALKER, J. The nature of a processioning proceeding has frequently been considered and decided by this Court. Its primary and leading purpose is to settle boundaries as between adjoining proprietors of land; but while this is the main object, the title to land may necessarily become the subject of inquiry, in order to ascertain the ultimate fact as to the true location of the boundary. In such proceedings, unless perhaps both parties claim under a paper title, it will be difficult if not impossible to confine the investigation required to the mere location of the dividing line. When both parties claim by right of possession, or one by a paper title and the other by adverse possession, it will become necessary in the large majority, if not all, of the cases to ascertain the nature and extent of the possession, and, even in the case of a claim under a paper title, the true location of corners and of boundaries, as preliminary to the location of the dividing line which is in dispute. So that it may, speaking generally, be safely said that the title to the land is not involved in such a proceeding; but that means that it is not directly involved, for in many cases, as we have already shown, it may become incidentally one of the questions or issues in the case, which must be decided before the main issue as to the location of the dividing line can be determined. The case of partition proceedings is a similar one and illustrates the point, as shown in *Woody v. Fountain,* 143 N. C., at p. 69. There the question of title is not necessarily involved, but it may become necessary upon a plea of sole seizin to deter-

mine, first, how the parties stand with reference to the title before deciding whether they are tenants in common and entitled to partition. It is a preliminary question which must be settled before the relief prayed can be granted.

A partition proceeding will very often run into an action of ejectment, and the same may be said of a processioning proceeding. In the latter case the ownership of the land on either side of the alleged disputed line, which is a prerequisite to the right of having the land processioned, cannot always be determined by mere occupancy, but often will require an investigation of the title, as in other cases where the issue is not primarily involved. The failure to note this distinction between a proceeding where the location of a line is solely involved and one where the title may incidentally arise has caused the question in this appeal to be presented and the Court to be misunderstood. We have held in numerous decisions that the question of title may be raised by the pleadings or by the facts of the particular case. *Parker v. Taylor,* 133 N. C., 103; *Hill v. Dalton,* 136 N. C., 339; *s. c.,* 140 N. C., 9; *Smith v. Johnson,* 137 N. C., 43; *Stanaland v. Rabon,* 140 N. C., 202; *Davis v. Wall,* 142 N. C., 450; *Woody v. Fountain,* 143 N. C., 66; *Green v. Williams,* 144 N. C., 60; *Brown v. Hutchinson,* 155 N. C., 205. It was said in *Green v. Williams, supra:* "Our processioning act is similar in some respects to the 'writ of perambulation' at common law, which was sued out by consent of both parties when they were in doubt as to the bounds of their respective estates, and was directed to the sheriff, who was commanded to make the 'perambulation' with a jury, and to set the bounds and limits between them in certainty. Fitz. Nat. Brev., 133. There it was done by consent of the parties, and when there was no dispute as to the title and none as to the right to occupy the adjoining tenements, while with us either of the adjoining proprietors, where a dispute as to the true dividing boundary has arisen, is entitled to have the land processioned, without the other's consent, and even when the question of title may become incidentally involved, and then all controverted matters, where there has been an appeal, are settled by the jury under the guidance of the court." In this case the judge instructed the jury that they could consider the possession of the respective parties, with respect to the disputed line, as evidence to determine where the true line is located, but that mere possession did not of itself fix the line, it being only an evidential circumstance upon the question as to where it is. But he also told them that "if the defendant, and those under whom he claims, had been in possession of the land in question up to the lane for twenty years, or longer, prior to the beginning of this action," they would answer the issue according to the defendant's contention, that is, "beginning at the stake in the road and running along

the lane a straight line by the poplar to the swamp." This instruction was given at defendant's request. The addition to it was correct, as adverse possession cannot confer title beyond its limits. When the charge is read as a whole, as it should be, it is clearly seen that the defendant got the full benefit of his adverse possession in locating the line as he contended it should be. The only issue submitted (without objection) was: "What is the true dividing line between the lands of the plaintiff and those of the defendant?" The question in controversy was whether the line ran from A to B or from A to C. But notwithstanding the form of the issue, the court allowed the jury to consider the defendant's possession, and his title accruing therefrom, in locating the true line. If it be conceded that the pleadings put the title in issue, the issue did not do so directly, and even if it did, the defendant has been given the full benefit of his possession. The jury evidently found that the defendant had no such possession as established the line at A. C.

The judge was also correct in stating that the testimony of the surveyor as to the true line did not necessarily establish it, but was only evidence of it, and the same is true as to the conduct of the parties with reference to the lane.

There is no error that we can find in the case which warrants a new trial.

No error.