### GEORGE EXUM ET AL. v. R. E. CHASE.

(Filed 29 September, 1920.)

1. **Courts—Jurisdiction—Clerks of Court—Statutes—Issues—Procession-ing—Title.**

    When, upon answer filed in a processioning proceeding, the clerk, without objection, transfers the cause for trial, the Superior Court acquires jurisdiction under Rev., 614, to determine the matter, and a motion to remand for failure of the defendant to raise an issue as to title is properly refused.

2. **Same—Pleadings.**

    A denial of the boundaries of the land in a processioning proceedings, and allegation in the answer of title to a strip of the land by adverse possession, raise an issue of title upon which the clerk should transfer the cause for trial to the Superior Court.

3. **Courts—Jurisdiction—Waiver—Processioning.**

    Where a processioning proceedings has been transferred for trial to the Superior Court, and set for trial three times without objection, the objection that an issue of title had not been raised is waived, and a motion to remand to the clerk is properly denied.

4. **Issues—Processioning—Title—Appeal and Error—Evidence.**

    Objection that an issue as to title had not been submitted to the jury, on appeal in a proceeding to procession land cannot be sustained when the party so objecting has tendered no issue or offered any evidence as to title.

5. **Clerks of Court—Processioning—Transfer to Term—Entry—Order.**

    An entry on the docket by the clerk that proceedings to procession land had been transferred for trial, in term, in the Superior Court, is sufficient order to transfer it.

APPEAL by defendant from *Connor, J.,* at November Term, 1920, of WAYNE.

Processioning proceeding begun before the clerk, 29 August, 1917, and transferred by the clerk, on answer filed, March, 1918, and tried by jury November Term, 1919, who found the boundary to be as claimed by the plaintiff. From judgment thereon, the defendant appealed.

*Dickinson & Land and J. F. Thomson for plaintiff.*
*Langston, Allen & Taylor for appellant.*

CLARK, C. J. When the cause was transferred by the clerk to the trial docket, there was no exception noted. The cause was set for trial at three terms. At November Term, 1918, when reached, there was a motion and refusal to remand upon the ground that no issue of title had been raised by the answer. This is the chief point raised by the appeal,

and we are not called upon to decide it, for even if not waived, Rev., 614, provides that "Whenever any civil action or special proceeding, begun before the clerk of any Superior Court, shall be for *any ground whatever* sent to the Superior Court before the judge, the judge shall have jurisdiction," and provides further that he may proceed to try the case in every respect, or decide it upon the particular point involved.

If the answer raised the issue of title, there was no necessity for the statute, and if the answer did not raise such issue, it was competent for the judge, under the statute, to retain the case and try it, as he did.

Moreover, in this particular case, while it is true that the defendant denied the boundaries, as alleged in the complaint, to be correct, which made the issue cognizable in the processioning proceeding, the defendant set up as a further defense that there was a strip of land which he claimed by adverse possession. This raised an issue of title as to land within the disputed boundaries, and the cause was properly transferable to the Superior Court for trial, and the motion to remand was properly denied. *Rhodes v. Ange,* 173 N. C., 25; *Whitaker v. Garren,* 167 N. C., 658; *Brown v. Hutchinson,* 155 N. C., 205; *Davis v. Wall,* 142 N. C., 452; *Woody v. Fountain,* 143 N. C., 66.

The defendant also contends in his brief that there was no formal order transferring the cause to the Superior Court at term. We think the entry on the clerk's docket was sufficient, but if not, it was waived on the facts of this case, as above stated, the case being set for trial for three times without objection. If objection had been raised in apt time, the judge could have permitted the clerk to amend the order *nunc pro tunc.*

Only one issue wes submitted by the court, but the defendant did not tender any issues, and did not except to the one submitted, and he cannot now complain that no issue as to title was submitted, especially in view of the fact that he offered no evidence to support his allegations of title.

No error.